A. N. FOSTER *v.* LOOKOUT WATER COMPANY and M. & A.
OF CHATTANOOGA.

PRACTICE AND PLEADING. *Action.* The plaintiff sued a city and water
company for the loss of his house by fire, and averred, in his declara-
tion, that the water company owned the water works, pipes, etc., and
the city controlled a fire department, and was in duty bound to use
all means at command to extinguish fires; that, by contract with the
city the company .undertook to furnish water to extinguish fires; that
a fire occurred near plaintiff's house, and extended to and consumed
it; that defendants, at the time, had permitted the pipes to get out of
repair and become full of mud and gravel, whereby, etc. Held, upon
demurrer, that the declaration shows no cause of action against either
defendant.

FROM HAMILTON.

Appeal in error from the Circuit Court of Hamil-
ton county. JOHN B. HOYLE, J.

E. M. DODSON for plaintiff.'

KEY & RICHMOND and C. H. B. CASE for defendants.

COOPER, J., delivered the opinion of the court.

The plaintiff, whose house in the City of Chatta-
nooga was destroyed by fire on the 26th of July, 1877,
brought this action to recover damages for its loss,
and, a demurrer to his declaration having been sus-
tained, appealed in error.

Under the Code, as at common law, a declaration,
to be good, must state facts showing a substantial cause
of action. Code, sections 2881, 2884. The declaration

in this case contains three counts. The second count says that the plaintiff sues the defendants for unskillfully constructing their water mains, pipes and fire plugs, which they had undertaken to do, and for negligently permitting them to become obstructed, in consequence of which unskillfulness and negligence, plaintiff's house was destroyed by fire. The third count is, that the defendants, by their charter and contract, were bound to properly put down and keep in repair such appliances as they had for the extinguishment of fires, yet negligently permitted such appliances, their water-mains, pipes and fire plugs, to become obstructed, whereby plaintiff's house was destroyed by fire. Neither of these counts states any facts from which it can be seen that the defendants were bound, either by duty or contract, to the plaintiff.

The first count avers that the Lookout Water Company is a corporation chartered by the laws of Tennessee, the owner of certain water-works, consisting of a reservoir, water-pipes, mains, water-plugs, fixtures, machinery, etc., located in the city of Chattanooga, the pipes being laid in the public streets and alleys of said city, which property is used by said company for the purpose of supplying the city of Chattanooga and the inhabitants with water, not only for ordinary use, but also for the extinguishment of fires, and the protection of the property of the inhabitants of said city from fire. That the defendant, the Mayor and Aldermen of the city of Chattanooga, is a municipal corporation under the laws of Tennessee, the owner of the streets and alleys in said city, and, as such corpora-

tion, has control of certain fire companies, fire engines, hose and carriages, etc., suitable for the extinguishment of fires, and, under the laws of the State and its charter of incorporation, is authorized, and it is made its duty to use all means at its command to prevent and extinguish fires, and to protect the property of its inhabitants from fire. That the water used in the extinguishment of fires is conveyed and made available by the use of certain mains, pipes and stationary plugs, "the property of defendants." That before the injury complained of, a contract had been made by and between the defendants, under which the company, for a certain consideration, undertook to furnish water at suitable places and in sufficient quantities to extinguish fires whenever they occurred within the fire limits of said city. That under and "by virtue of the charters of said defendants and of said contract," it was the duty of the defendants to keep the fire-plugs in good order and the mains and pipes open. That on the 26th of July, 1877, a fire occurred "near to" the dwelling house of plaintiff in said city, and "extended to and consumed said house." That, at the time, the defendants had suffered the mains, pipes and plugs to get out of repair, and the mains and pipes to become full of mud and gravel, so that when the fire occurred no water could be procured for its extinguishment, whereby, etc.

This count, it will be noticed, does not set out the provisions of the charter of the city of Chattanooga nor the stipulations of the contract between the defendants, upon which their alleged duty is assumed to

rest. It deals in conclusions or inferences, not in facts from which the court can draw its own conclusions. But, conceding that it rests the liability of the defendants upon the charter of the city and the contract between them by sufficient averment of facts, the declaration, "by a fair and natural construction," shows that the mains, pipes and plugs were the property of the Lookout Water Company. The city only has a contract with the company by which the latter is to furnish water in sufficient quantities to extinguish fires. The cause of action is in suffering these mains, pipes and plugs to get out of repair, and the mains and pipes to become filled with gravel and mud, so as to obstruct the flow of water. The duty of repairing and keeping open is *prima facie* in the owner of the property. The duty of the city, as the declaration states, is "to use all means at its command" to prevent and extinguish fires. But the only means shown by the declaration to be at its command are the "fire companies, fire engines, hose," etc., under its control, and the water when supplied by the company. There is no averment that the city failed to use these means to the best advantage. And the general charges against the defendants are the inferences of the pleader from the facts. In this view, one cause of demurrer assigned on behalf of the city, that the declaration shows that the Water Company owned the pipes, etc., and does not show that the contract permitted the city to exercise any control over them, is well taken.

One of the learned counsel of the plaintiff rests his client's right of recovery upon "a tortious breach of

contract," meaning the contract with the city. The other upon the unskillful and negligent performance of a duty imposed or authorized by its charter. If it be conceded that the declaration does show a stipulation in the contract between the company and the city by which the company was to furnish water to extinguish fires, and a breach of that contract by negligently allowing its pipes to become obstructed, there is no averment that this stipulation of the contract was to enure to the benefit of any citizen aggrieved, or that the contract had been assigned to the plaintiff. The third cause of demurrer, that the declaration does not show that the plaintiff is a party, privy or assignee of the contract, is, therefore, so far as this aspect of the case is concerned, well taken.

For another reason, even if the city itself were suing, there could be no recovery for the damages sought upon a breach of the supposed stipulation. By the law of this State, damages for breaches of contract are only those which are incidental to, and directly caused by the breach, and may be reasonably supposed to have entered into the contemplation of the parties, and not speculative, accidental or consequential damages. The contract itself must give the measure of damages, and if it fails to do so, the damages can only be nominal. *State* v. *Ward*, 9 Heis., 100, 132, and cases there cited. The stipulation in question, conceding it to be as claimed, was to furnish water in sufficient quantity to extinguish fires. The measure of damages for the breach of this stipulation, under the rule that the contract must give the measure,

Foster *v.* Water Company.

would be, at most, the value of the full quantity of water which ought to have been supplied at the time, not the accidental, speculative, or consequential damages occasioned by a fire, which the company never stipulated to put out, nor, *a fortiori*, of a fire which "extended to" plaintiff's house.

If we place the right of recovery upon the negligent performance of a duty, the difficulty will be to connect any duty arising out of the stipulations of the contract between the city and company with the plaintiff, or the particular loss sued for. The stipulation is to furnish water. The company has not stipulated to extinguish fires. It is not averred that the plaintiff had the means of using the water for the extinguishment of the fire. Hence, to use substantially the words of an eminent Court, whatever benefit the plaintiff would have derived from the water would have come from the city through its fire department. The most that can be said is, that the company was under obligation to the city to supply the fire plugs with water; that the city owed a public duty to the plaintiff to extinguish the fire; that the fire plugs were not supplied with water, and so the city was unable to perform its duty. We think it clear that there was no contract relation between the plaintiff and the company, and consequently no duty which can be the basis of a legal claim. Per Park, C. J. of Supreme Court of Connecticut, in *Nickerson* v. *Bridgeport Hydraulic Co.*, 46 Conn.; S. C. 8 Rep., 427.

Such a stipulation as the one in controversy cannot be construed as turning the Water Company into a

public officer, or a contractor engaged to perform the duties of a public officer, who is liable in damages for negligence to any one sustaining special injury in consequence thereof. *Robinson* v. *Chamberlain*, 34 N. Y., 389. There is no such public office known to our laws as the supplying water for the extinguishment of fires.

There are notoriously some branches of the law, the underlying principles of which are so unsteady, and the rights involved so complicated, that the courts must be content to deal with special cases as they arise. This is notoriously the case, as the Judges of the highest court of the land have often had occasion to say, with the subject of State taxation in the matter of foreign and domestic commerce. The liability of a municipal corporation for certain classes of torts is another. "All that can be done with safety is to determine each case as it arises." Per Foote, J., in *Lloyd* v. *Mayor of N. Y.*, 1 Seld., 375. The inclination of the courts has been not to press the pecuniary liability of municipal corporations, which is distinctly recognized where the duty is a corporate one, absolute and perfect, and owing to an injured party, to cases where a duty is assumed not for the corporate benefit, but the common good. They have refused to hold a city liable for the acts of its police officers although they are appointed by it; or for the acts or negligence of its agents and employees in charge of patients in a public hospital; for the misconduct of the members of its fire department; or for the city's own neglect to provide suitable engines or fire appa-

ratus, or to keep in repair public cisterns, or continue the supply of water to particular hydrants. Dill. Mun. Cor., sections 723, 774, 775; *Tainter* v. *Worcester,* 123 Mass., 311; *Lansing* v. *Toolan,* 37 Mich., 152; *Wheeler* v. *Cincinnati,* 19 Ohio, 19. The reason is, that the hazard of pecuniary loss might prevent the corporation from assuming duties, which, although not strictly corporate nor essential to the corporate existence, largely subserve the public interest. The supplying water for the extinguishment of fires is precisely one of those acts which bring no profit to the corporation, but are eminently humanitarian. To hold a city responsible for the loss of a building, or of whole streets of houses, as sometimes happens, because it might be thought, or because in reality some of its indispensable agents had been negligent of their duty, might well frighten our municipal corporations from assuming the startling risk. Be this as it may, the present case, as made by the declaration, falls under no class of recognized liability.

Affirm the judgment.