(December 31, 1895.)

## BUSH v. ARTESIAN HOT AND COLD WATER CO.

[43 Pac. 69.]

Contract Between City and Water Company—Water Company not Liable to Individual Citizen under the Contract.—Under a contract between a city and a water company by which the latter agrees to supply the city with water sufficient for fire purposes, an individual citizen whose property has been destroyed by fire, through the alleged neglect of the water company in complying with the terms of such contract has no right of action against the company.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

Hawley & Puckett, for Appellant.

This action is brought by plaintiff to recover from defendant the sum of $12,100, claimed to be due on account of the burning of the Central Hotel in Boise City, in August, 1893. The defendant at that time had a contract with Boise City under the terms of which it was bound to furnish a sufficient supply of water, under sufficient pressure, for extinguishing fires in said Boise City. On August 1, 1893, a fire started in the Central Hotel in said Boise City, which, under ordinary circumstances, could easily have been extinguished; but, by reason of the defendant having rented out its water for irrigating and other purposes, there was not a sufficient supply of water in the mains of the company to use for fire purposes, and in consequence thereof, plaintiff's said building burned, entailing a loss upon him as before stated. The only point involved in this appeal is whether or not a citizen of a municipality can sue for and recover damages sustained by reason of a failure of a person or corporation to comply with the terms of a contract made with the municipal authorities, agreeing to furnish water to the city and its inhabitants for fire purposes. We contend the contract made with a municipality for such purpose is made for the benefit of all its inhabitants. We cannot

understand what binding force such a contract has, or what
responsibility attaches to the person or corporation contracting
to furnish the water supply, unless the resident injured by the
failure to comply with the terms of the contract has the right
to sue for damages sustained. On this point we refer the
court to the well-considered case of *Paducah Lumber Co. v.
Paducah Water Co.,* 89 Ky. 340, 25 Am. St. Rep. 536, 12 S.
W. 554, 13 S. W. 249.

R. Z. Johnson and R. H. Johnson, for Respondent.

"There is no privity of contract between a citizen or
resident and the water company as will authorize him
to maintain an action against it for injury or destruction
of his property by fire, caused by a failure of the water
company to fulfill its contract." (*Mott v. Cherryvale
Water Co.,* 48 Kan. 12, 30 Am. St. Rep. 267, 28 Pac. 989;
*Howsmon v. Trenton Water Co.,* 119 Mo. 304, 41 Am. St. Rep.
654, 24 S. W. 784; *Anderson v. Fitzgerald,* 21 Fed. 294; *Davis
v. Clinton Water Works Co.,* 54 Iowa, 59, 37 Am. Rep. 185,
6 N. W. 126; *Wainwright v. Queens County Water Co.,* 78
Hun, 146, 28 N. Y. Supp. 989; *Aetna Nat. Bank v. Fourth
Nat. Bank,* 46 N. Y. 82, 7 Am. Rep. 314; *Garnsey v. Rogers,*
47 N. Y. 233, 7 Am. Rep. 440; *Vrooman v. Turner,* 69 N. Y.
280, 25 Am. Rep. 195; *Turk v. Ridge,* 41 N. Y. 207; *Merrill
v. Green,* 55 N. Y. 270; *Simson v. Brown,* 68 N. Y. 355;
*Becker v. Keokuk Waterworks,* 79 Iowa, 419, 18 Am. St. Rep.
377, and note, 44 N. W. 694; 29 Am. & Eng. Corp. Cas. 397,
and note, 381; *Clark v. Des Moines,* 19 Iowa, 212, 87 Am.
Dec. 423; *McPherson v. Foster,* 43 Iowa, 57, 22 Am. Rep.
215.) No power is given to the city of Boise to make a con-
tract of indemnity directly and expressly for the benefit of an
individual taxpayer that would entitle him to sue for a breach
of it; consequently, the contract in this case cannot receive
such a construction and cannot have added to it by implication
a condition which was not contemplated by the parties to the
contract at the time it was made, and which would have been
beyond the power of the city to have entered into. (*Mott v.
Cherryvale etc. Co.,* 48 Kan. 12, 30 Am. St. Rep. 267, 28 Pac.

620          Bush *v.* Artesian etc. Co.          [Sup. Ct.

Opinion of the Court—Huston, J.

989.) The furnishing ·of water by a city to afford protection from fire is solely a governmental duty assumed exclusively for the benefit of the public. The city is not legally bound to afford such protection to its citizens, and is not hampered by the rule of responsibility to individuals for the careless performance thereof, by its officers or agents. (*Mayor of New York v. Workman,* 67 Fed. 348.) "A contract between a city and a water company, whereby the latter agrees to furnish water for the extinguishment of fires, does not give a private person,. whose property is burned up through failure to furnish water, any right of action therefor against the company, since he is no party to the contract." (*House v. Houston Waterworks Co.* (Tex.), 22 S. W. 277; *Fitch v. Seymour Water Co.,* 139 Ind. 214, 47 Am. St. Rep. 258, 37 N. S. 982; *Ferris v. Carson Water Co.,* 16 Nev. 44-47, 40 Am. Rep. 485.)

HUSTON, J.—On the first day of August, 1893, the defendant corporation was under contract with Boise City, by the terms whereof, as the same is set forth in the complaint herein, said defendant agreed for a certain stipulated consideration to "maintain and keep in order forty hydrants, so placed in position as aforesaid, and such other hydrants as should be required by said Boise City, and to supply water at all points where such hydrants were located, sufficient for fire purposes in the vicinity thereof," etc.; that on said first day of August, 1893, the plaintiff was the owner and in possession of certain real property and buildings therein situated in said Boise City; that said buildings were destroyed by fire on said first day of August, whereby plaintiff suffered damage in the sum of $12,100; that such loss was the result of, and in consequence of the failure of defendant to keep a sufficient supply of water in the hydrants and water-pipes adjacent to said property. To the complaint, defendant filed the following demurrer: "Now comes the said defendant, by Messrs. Johnson & Johnson, its attorneys herein, and demurs to plaintiff's complaint in the above-entitled action filed, on the ground that it appears on the face thereof: (1) That said complaint does not state facts sufficient to constitute a cause of action. (2) That

said complaint is ambiguous, unintelligible and uncertain: 1. In that, while it attempts to hold said defendant liable for the destruction of plaintiff's property through the alleged failure of defendant to furnish sufficient water supply, it does not allege or set forth any contract between defendant and said plaintiff to furnish such water supply, or any water supply whatever, for fire purposes; nor does it allege that plaintiff and defendant ever in any manner contracted for such a water supply, or that any consideration was ever paid, or promised to be paid, by plaintiff to defendant therefor; 2. In that it does not allege that plaintiff was a party to the said contract between said defendant and Boise City for supplying water for extinguishing fires, nor show any privity of contract between said plaintiff and said Boise City in relation to said contract on which to base this action; 3. In that it does not show that any duty or obligation existed on the part of said defendant to said plaintiff to furnish him a supply of water for protection from fire." The district court sustained the demurrer and plaintiff declined to amend. Judgment was rendered for defendant for costs, from which judgment this appeal is taken.

The questions, or rather the question, for there is really but one question to be considered, raised by this appeal, has been frequently before the courts of this country, and the decisions have been uniformly against the contention of appellant. In fact appellant cites but one case, and we have been unable to find another—that of *Paducah Lumber Co. v. Paducah Water Supply Co.*, 89 Ky. 340, 25 Am. St. Rep. 536, 12 S. W. 554, 13 S. W. 249—which supports his contention. We have examined that case with much care, and, while it may be conceded that the rule of decision therein announced would cover the case at bar, it may not be amiss to call attention to the difference in the contracts upon which the two actions were brought. In the Kentucky case the defendant "agreed [as set forth in the opinion] to erect upon a platform fifty feet high a standpipe, twenty-two feet in diameter, and one hundred and seventy-five feet high, with which was to be connected the conducting pipes and hydrants mentioned; and also two pumping engines, each having a capacity to force into

the standpipe two million gallons of water every twenty-four hours; and to keep a head of water sufficient to throw from any eight of the hydrants simultaneously, and for five consecutive hours at any one period of time, streams through fifty feet of hose one hundred feet high; . . . . that appellee also agreed to have in the standpipe and conducting pipes at all times a supply of water sufficient to afford a head or pressure requisite for all domestic, manufacturing, and for protection purposes for all the inhabitants and property of the city," etc.—a very different contract from that set forth in the record in this case; and, in addition to this, the water company, in the Kentucky case, the plaintiff, had a special private contract with the defendant for a water supply. What influence these facts may have had upon the decision in that case is, of course, matter of conjecture; but it could hardly, upon the facts, be accepted as an authority in the case under consideration here. All of the cases, or nearly all, in which this question has been raised, have held that the want of privity in the contract debars the individual citizen from suing in cases of contract between a water company and the municipal corporation. (*Mott v. Manufacturing Co.*, 48 Kan. 12, 30 Am. St. Rep. 267, 28 Pac. 989.) In *Howsmon v. Trenton Water Co.*, 119 Mo. 304, 41 Am. St. Rep. 654, 24 S. W. 784, although the contract contained a clause to the effect that, "should said company, from lack of water supply, or from other cause, except providential or unavoidable accident, fail to furnish a reasonable supply of water to extinguish any fire, then it shall be liable for all damages occasioned by such failure or neglect," the court held that this gave no right of action to the individual citizen against the water company. To the same effect is the case of *Anderson v. Fitzgerald*, 21 Fed. 294. In *Davis v. Waterworks Co.*, 54 Iowa, 59, 37 Am. Rep. 185, 6 N. W. 126 —an Iowa case, a similar case to that under consideration— the court say: "The petition does not allege or show any privity of contract between plaintiff and defendant. The plaintiff is a stranger, and the mere fact that she may find benefits therefrom by the protection of her property in common with all other persons whose property is similarly situated does not

Dec. 1895.]     Bush *v.* Artesian etc. Co.     623

Opinion of the Court—Huston, J.

make her a party to the contract, or create a privity between her and the defendant." (See, also, *Becker v. Waterworks,* 79 Iowa, 419, 18 Am. St. Rep. 377, 44 N. W. 694; *Clark v. City of Des Moines,* 19 Iowa, 212, 87 Am. Dec. 423; *McPher-son v. Foster,* 43 Iowa, 57, 22 Am. Rep. 215; Jones on Negligence of Municipal Corporations, sec. 31; *Beck v. Water Co.,* (Pa. St.), 11 Atl. 300; *House v. Waterworks Co.* (Tex. Civ. App.), 22 S. W. 277; *Fitch v. Water Co.,* 139 Ind. 214, 47 Am. St. Rep. 258, 37 N. E. 982; *Ferris v. Water Co.,* 16 Nev. 44, 40 Am. Rep. 485; *Nickerson v. Hydraulic Co.,* 46 Conn. 24, 33 Am. Rep. 1, and note; and numerous other authorities to same effect.)

There is nothing in the contract in this case which intimates that any breach of the contract between the city of Boise and the defendant was to inure to the benefit of any citizen who might consider himself aggrieved. What rights or remedies exist as between the parties to the contract we are not called upon to decide. One of the rules—a primary rule—in the construction of contracts by courts is to ascertain as near as possible the actual intention of the parties at the time they entered into the contract. It will hardly be contended, we apprehend, that either the city or the water company ever intended, or ever contemplated, the assuming by the latter of such a liability as the contention of the plaintiff would impose upon them. To undertake to review the multitude of cases cited by respondent would be a profitless task. It seems to us they are conclusive of the question herein, to wit, as to the liability of the defendant to the plaintiff under the contract set forth in the complaint. The order and judgment of the district court is affirmed, with costs.

Morgan, C. J., and Sullivan, J., concur.