JOHN METZ, Appellant, v. CAPE GIRARDEAU WATERWORKS & ELECTRIC LIGHT COMPANY.

Division Two, March 19, 1907.

WATERWORKS: Liability to Private Citizen for Fire. A waterworks company, required by the city ordinance, under which it constructed its plant, to provide hydrants and furnish water of a named pressure, to be available at all times for extinguishing fires, is not liable to a private citizen for loss of his buildings by fire because of its failure to furnish the requisite amount of water and pressure, although it may have for years received from the city a compensation for supplying said hydrants and

pretended water supply, and although had it complied with its contract with the city the fire could have been extinguished soon after its inception.

Appeal from Cape Girardeau Court of Common Pleas. —*Hon. John A. Snider*, Judge.

AFFIRMED.

*Giboney Houck* and *Orren Wilson* for appellant.

(1)   Wherever a statutory duty is created, any person who can show that he has sustained injuries from the non-performance of that duty can bring an action for damages against the person on whom that duty is imposed.   Couch v. Steel, 3 El. & Bl. 402; Cooley on Torts, p. 788; Kelley v. Railroad, 101 Mo. 67; Dahlstrom v. Railroad, 108 Mo. 525; Gratiot v. Railroad, 116 Mo. 450.    (2)   The ordinance under which the respondent operated, although it takes the form of a contract, provides for its acceptance and contemplates a written agreement in execution of it, is also and primarily a municipal regulation, and as such, being duly authorized by the legislative power of the State, has the force of law within the limits of the city. Hayes v. Railroad, 111 U. S. 228; St. Louis v. Foster, 52 Mo. 513; Mason v. Shawneetown, 77 Ill.   533; Union Depot Company v. Railroad, 105 Mo. 562; Jackson v. Railroad, 118 Mo. 199; Kelley v. Railroad, 101 Mo. 67; Dahlstrom v. Railroad, 108 Mo. 525; Gratiot v. Railroad, 116 Mo. 450; Dillon on Municipal Corporations (1 Ed.), 245; Metcalf v. St. Louis, 11 Mo. 103; City of Tarkio v. Cook, 120 Mo. 1; Verdin v. St. Louis, 131 Mo. 119; St. Louis v. Boffinger, 19 Mo. 15; Taylor v. Carondelet, 22 Mo. 105; State v. DeBar, 58 Mo. 395; Moore v. Cape Girardeau, 103 Mo. 470; State ex rel. v. Meier, 143 Mo. 446; Railroad v. Railroad, 148 Mo. 647; Kansas City v. Marsh Oil Company, 140 Mo. 458; Railroad v. Railroad, 148 Mo. 671; Apitz v. Railroad,

17 Mo. App. 427; Ex parte Bedell, 20 Mo. App. 131; St. Louis v. Alexander, 23 Mo. App. 483; Cape Girardeau v. Riley, 52 Mo. 424; State ex rel. v. Heidorn, 74 Mo. 410; Railroad v. Kansas City, 29 Mo. App. 91; State ex rel. v. Heege, 40 Mo. App. 653; Spitler v. Young, 63 Mo. 42; State ex rel. v. Walbridge, 24 S. W. 457; City v. Howard, 24 S. W. 772; Steffen v. Fox, 56 Mo. App. 19; Hopkins v. Mayor of Swansea, 4 M. & W. 640; State ex rel. v. Meier (on motion to certify to Supreme Ct.), 72 Mo. App. 635; State ex rel. v. Bersch (on motion to certify to Supreme Ct.), 83 Mo. App. 668. (3) (a) The respondent undertook a public duty to be performed for the benefit of the inhabitants of Cape Girardeau distributively, for the negligent non-performance of which duty an action will lie on the part of any individual specially damaged as for the non-performance of a public duty, and setting up the contract by way of inducement. Lampert v. Laclede Gas Light Co., 14 Mo. App. 393; Henly v. Mayor (reported 5 Bing. 91, 3 Mor. & P. 273. In error to King's Bench, 3 Barn. and Adol. 97. In House of Lords, 2 Cl. & Fin. 331; 1 Bing. N. C. 222; 8 Bli. N. R. 690; 1 Scott 29); Hays v. Railroad, 111 U. S. 228; Shearman & Redfield on Negligence, sec. 353; Taylor v. Railroad, 45 Mich. 74; Cooley on Torts, sec. 657, 480, 481, 499; Couch v. Steel, 3 El. & Bl. 402; Rowing v. Goodchild, 2 W. Bl. 906; Robinson v. Chamberlain, 34 N. Y. 389; Crone v. Stinde, 156 Mo. 268; St. Louis to use v. Von Phul, 133 Mo. 561; Devers v. Howard, 144 Mo. 671; City of Bethany v. Howard, 149 Mo. 504; Lane v. Colton, 12 Mod. 488; Whitaker's Smith on Negligence, 10; 1 Thompson on Negligence, 234; 2 Sutherland on Damages, p. 435; Roddy v. Railroad, 104 Mo. 350; Parnay v. Canal Company, 11 Ad. & El. 223; Johannes v. Ins. Co., 66 Wis. 50; Hann v. Burrell, 119 N. C. 548; Sams v. Price, 119 N. C. 572; Burton v. Larkin, 36 Kan. 246; Houseman v. Trenton Water Co., 119 Mo. 315; Thomas v. Whinchester, 2 Ltd. 397; Davidson v. Nichols, 11 Allen 519;

McDonald v. Snelling, 14 Allen 290; Eaton v. Avery, 83 N. Y. 31; Bank v. Mich. Barge Co., 52 Mich. 164; State v. Pierce, 35 Wis. 186; Willey v. Mulledy, 78 N. Y. 310; Weet v. Brockford, 16 N. Y. 168; Sawyer v. Corse, 17 Gratt. 30; Burnett v. Whitney, 94 N. Y. 302; Robinson v. Rohr, 73 Wis. 435. (b) The ordinance under which respondent operates was passed for the benefit of the tax-payers and property owners of Cape Girardeau, and the doctrine is fully established that a third party, for whose benefit a promise is made, may sue directly upon this promise, and this is especially so where there is a breach of duty also involved. Fitzgerald v. Barker, 13 Mo. App. 192, 70 Mo. 685; Heim v. Vogel, 69 Mo. 529; Duncan v. Baker, 72 Mo. 667; Ellis v. Harrison, 104 Mo. 270; Weinreich v. Weinreich, 18 Mo. App. 364; School Board v. Woods, 6 Mo. App. 590; Rogers v. Gosnell, 51 Mo. 466; Wiggins Ferry Co. v. Railroad, 73 Mo. 389; Clousty v. McKee, 94 Mo. 241; Heizer v. Kingsland & Douglass Mfg. Co., 110 Mo. 60; School District of Kansas City v. Levers, 147 Mo. 580; Porter v. Woods, 138 Mo. 539; Lawson on Contracts, sec. 241; Langridge v. Levy, 2 Mees. & Wels. 519; Houseman v. Girard, etc., 81 Pa. 256; McCaraher v. Commonwealth, 5 Watts 25; Commonwealth v. Harmer, 6 Phila. 90; Adsit v. Brady, 4 Hill 639; Ins. Co. v. Baldwin, 37 N. Y. 648; Robertson v. Chamberlin, 34 N. Y. 389; Conroy v. Gale, 5 Lans. 344; Stack v. Bangs, 6 Lans. 262; Johnson v. Belden, 2 Lans. 433; Ransom v. Railroad, 62 Wis. 178; Raynsford v. Phelps, 43 Mich. 342; Rowing v. Goodchild, 2 W. Bl. 906; Teal v. Felton, 1 N. Y. 537; Ashby v. White, Ld. Raym. 938; Lincoln v. Hapgood, 11 Mass. 350; Jeffries v. Ankeny, 11 Ohio 372; Hoover v. Barkhoof, 44 N. Y. 113; Hathaway v. Hinton, 1 Jones (N. C.) 243; Hayes v. Porter, 22 Me. 371; Nickerson v. Thomson, 33 Id. 433; Lardos v. Bozant, 1 La. Ann. 199; Amy v. Supervisors, 11 Wall. 136; Tracy v. Swartwout, 10 Pet. 80; Brown v. Lester, 21 Miss. 392; Bolan v. Williamson, 1 Brev.

181. (4) Where a water company contracts to furnish a city and its inhabitants with an adequate amount of water for fire protection, a taxpayer whose property is destroyed by fire through the failure of the company to supply sufficient water for its extinguishment, being a beneficiary of the contract, may in in his own name sue the company for damages sustained. Paducah Lumber Company v. Paducah Water Supply Company, 89 Ky. 340; Duncan v. Water Company (Ky.), 12 S. W. 557; Duncan's Exrs. v. Water Company (Ky.), 15 S. W. 523; Gorrell v. Greensboro Water Company (N. C.), 32 S. E. 720; Griffin v. Water Company, 122 N. C. 206; Haughten v. Water Company (Or.), 28 Pac. 244; Railroad v. Meridian Water Works Co., 18 C. C. A. 519.

*Robert L. Wilson* for respondent.

The court did not err in sustaining defendant's demurrer to the petition of the plaintiff. 1. There was no privity of plaintiff in the contract between the city of Cape Girardeau and the Cape Girardeau Waterworks & Electric Light Company. 2. Nor was defendant under any contract to supply water for the extinguishment of said fire, for the breach of which contract plaintiff had any right of action. 3. It does not appear that plaintiff was a party to the alleged contract between defendant and the city of Cape Girardeau, or that said contract inured to plaintiff's benefit so that he can maintain an action against defendant for the breach thereof. 4. No facts are alleged from which it appears that defendant was under any contract or duty to supply water for the fire plugs of the city of Cape Girardeau for extinguishing fires. 5. It does not appear that defendant owed plaintiff any duty to supply water for the use of the fire department for the extinguishment of the fire which it is alleged destroyed plaintiff's property. 6. It does not appear

from the petition or ordinance filed with the petition that defendant corporation was, by reason of the contract between said city and defendant, to be a policeman of said city. Lovejoy v. Bessemer Waterworks Co. (Ala.), 41 So. 76; Nickerson v. Bridgeport Hydraulic Co., 46 Conn. 33; Foster v. Lookout Water Co., 3 Lea (Tenn.) 42; Davis v. Waterworks Co., 54 Iowa 59; Fowler v. Waterworks Co., 83 Ga. 219; Ferris v. Water Co., 16 Nev. 44; Becker v. Waterworks, 79 Iowa 419; Howsmon v. Trenton Water Co., 119 Mo. 304; Fitch v. Seymour Water Co., 139 Ind. 214; Britton v. Green Bay Water Co., 81 Wis. 48; House v. Houston Water Co. (Tex. Civ. App.), 22 S. W. 277, affirmed by Supreme Court of Texas in 88 Tex. 233; Beck v. K. Water Co. (Pa.), 11 Atl. 300; Wilkinson v. Light, Heat & Water Co. (Miss.), 28 So. 877; Mott v. Cherryvale Water Co., 48 Kan. 12; Bush v. Artesian Water Co. (Idaho), 43 Pac. 69; Eaton v. Fairbury Waterworks Co., 37 Neb. 546; Allen & Currey Mfg. Co. v. Shreveport Waterworks Co. (La.), 37 So. 980; Boston Safe Deposit & Trust Co. v. Salem Water Co. (C. C.), 94 Fed. 238; Metropolitan Trust Co. v. Topeka Water Co. (C. C.), 132 Fed. 702.

FOX, P. J.—This cause is now in this court upon appeal by plaintiff from a judgment of the Cape Girardeau Court of Common Pleas, Cape Girardeau county, Missouri, sustaining a demurrer interposed by defendant to the petition filed by plaintiff. As the sufficiency of the petition is the only legal proposition before us, it is well to reproduce it. Omitting formal parts it is as follows:

"Now comes plaintiff and with leave of court files his amended petition.

"Plaintiff states that he is a resident of the city of Cape Girardeau, county of Cape Girardeau, and State of Missouri; that he is a large taxpayer to the

city of Cape Girardeau and that he has paid all his taxes for the year last past.

"Plaintiff sues the defendant and for his first cause of action states that on the 22d day of October, 1903, he was the owner of a hotel building located on the south part of lot No. 15, block No. 7, of First Giboney-Houck subdivision to the city of Cape Girardeau; that the value of said building was thirty-seven hundred dollars, and that on said day the said building was destroyed by fire through the careless, wanton and negligent conduct of the defendant as hereinafter set out.

"Plaintiff sues the defendant and for his second cause of action states that on the said 22nd day of October, 1903, he was the owner of a dwelling on the north part of aforesaid lot No. 15, about fifteen feet from the hotel building; that the value of said building was seven hundred dollars and that on the aforesaid day it took fire from sparks issuing from the aforesaid hotel building and was destroyed through the careless, wanton and negligent conduct of the defendant as hereinafter set out.

"Plaintiff sues the defendant and for his third cause of action states that on the said 22nd day of October, 1903, he was the owner of a dwelling situated on lot No. 16, block No. 7, of First Giboney-Houck subdivision to the city of Cape Girardeau and that the value of said building was eight hundred dollars; that said building took fire and was destroyed through the careless, wanton and negligent conduct of the defendant as hereinafter set out.

"Plaintiff sues the defendant and for his fourth cause of action states that on the said 22nd day of October, 1903, he was the owner of a barn located on the rear part of the aforesaid lot 15, block 7, of First Giboney-Houck subdivision of the city of Cape Girardeau, and that the value of said barn was two hundred dollars; that the said barn took fire and was destroyed

through the careless, wanton and negligent conduct of the defendant as hereinafter set out.

"That the defendant is a corporation organized under the laws of the State of Missouri, is the assignee of a contract with the city of Cape Girardeau, which is made a part of this petition, entitled: 'An ordinance to provide a system of waterworks in the city of Cape Girardeau, Missouri, and granting to Adolph W. Gilbert, his associates, successors or assigns the right to construct and operate the same, giving the rights to streets, alleys, avenues and public places, to him, his associates, successors or assigns and agreeing to contract with the said Adolph W. Gilbert, his associates or assignees, for fire protection and other purposes for a period of twenty years, from the date of the passage of this ordinance.' Plaintiff alleges that said ordinance was passed March 12, 1894, accepted by the aforesaid Adolph W. Gilbert, offered on his behalf to the people of the city of Cape Girardeau, and accepted April 17, 1894, and a contract created. That the aforesaid contract is still in force.

"That under the aforesaid contract, the said Adolph W. Gilbert, his associates, and assigns, assumed the duty of police officers to protect the said city against fire.

"That for and in the consideration of the benefit to be derived by constructing and operating the system of waterworks and furnishing a sufficient quantity of pure and wholesome water, suitable for all domestic, manufacturing and fire purposes the said Adolph W. Gilbert, his associates, successors and assigns were granted the right to establish and operate a system of waterworks and the right to enter upon all the streets, avenues and public grounds 'as they now exist or hereafter may be extended' for the purpose of laying mains, conduits and pipes for a period of twenty years; and that by said ordinance the city of Cape Girardeau was divided into different divisions by proper valves

so that at no time said system should be disabled entirely in case of accident. That by said ordinance the said Gilbert, his associates, successors and assigns for services as such police officers to furnish the city of Cape Girardeau water in case of fire with such pressure as in said ordinance specifically provided, were to have and receive an annual rental for such services of three thousand dollars per annum.

"That said ordinance further provided for the location of hydrants at such points as may be designated by the city council and as indicated on the plans and specifications and map providing for the construction of said waterworks, and that said ordinance also provides for the extension of the pipe system as provided in said ordinance whenever on such extension to be paid for pro rata at the same rate as provided for hydrants originally located under said ordinance; that said ordinance specifically provides that said Adolph W. Gilbert, his associates, successors or assigns, shall keep such hydrants in repair and ready for use at all times.

"That said ordinance provides that said Gilbert, his associates, successors and assigns shall distribute the water through the pipe system, so to be constructed by them, by pumps and from the reservoir which shall be of a capacity of not less than seven hundred thousand gallons.

"That said ordinance with the view of fully protecting the property of the city of Cape Girardeau from fire further specifically provides that the said Adolph W. Gilbert, his associates, successors and assigns as such police officers created and established for the purpose of furnishing water in case of fire and such pressure as may be hereafter set out 'shall at all times keep their waterworks in good and efficient working order to the end that the said Gilbert, his associates, successors and assigns as such police officers for the purpose of supplying water should always be prepared

to furnish the pressure adequate for fire protection without the aid of city fire engines.'

"That said Adolph W. Gilbert, his associates, successors and assigns, were also by said ordinance authorized and given power as such police officers for the purpose of supplying water with adequate pressure to extend their system of waterworks and to make such alterations and improvements of the same as might be deemed expedient for the good of both the city and the said Adolph W. Gilbert, his associates, successors and assigns, to-wit, the Cape Girardeau Electric Light and Waterworks Company.

"That after the said contract was entered into by the said city of Cape Girardeau, said defendant being successor to the said Adolph W. Gilbert, induced the city of Cape Girardeau to accept the waterworks system so constructed by pretending to have established, built and constructed a system of waterworks which without the aid of fire engines would throw from separate hydrants through a 2 1-2 inch rubber hose with a seven-eighths inch nozzle four streams of water on Main street ninety feet high, on Spanish and Morgan Oak street sixty feet high, on Broadway and Pacific streets four streams seventy feet high, and on Spring street and Good Hope street four streams sixty feet high, as provided in section 12 of said ordinance, and plaintiff avers and charges that the said waterworks system was not constructed as provided in said section and was never capable of throwing said streams of water as provided in said ordinance, and that the defendant wilfully, intentionally, wrongfully and fraudulently failed and neglected to provide a waterworks as such police officer, with the power and capacity as provided in section 12 of said ordinance, and capable of furnishing the streams of water as required in and by said section, and avers that since 1894 wrongfully and fraudulently collected the annual rental for and on account of system of waterworks provided in said ordi-

nance, but which said defendant wilfully, negligently and wrongfully did not supply as such police officer, to supply water to the great injury of this plaintiff.

"Plaintiff further avers that said ordinance and contract with Adolph W. Gilbert, his successors and assigns, provides that with the reservoir cut out of the system of waterworks and which defendant as the assignees of the said Adolph W. Gilbert, as such police officer, undertook and promised to supply must be capable of putting a direct pressure on the mains on Main street of 85 pounds to the square inch, and that plaintiff's property was on the Main street level in the city of Cape Girardeau.

"Plaintiff alleges that there was a hydrant at the northwest corner of Fountain and Elm streets, in the immediate vicinity of the aforesaid buildings owned by the plaintiff and attached to the mains or pipes or conduits of the said defendant.

"That before the 22d day of October, 1903, this hydrant had been accepted by the city of Cape Girardeau and that additional rent had been collected by defendant; that it was located in a suitable place to have saved property of plaintiff, if supplied with water according to the terms of the contract above named.

"Plaintiff avers that these buildings were located on the Main street level of an extension of said waterworks and that he did believe and had good reason to believe that the defendant as such police officer had done and performed what was by it to be performed, to-wit: provide a system of waterworks with the reservoir cut out capable of putting a direct pressure on the mains, pipes or conduits at the Fountain and Elm streets of eighty-five pounds to the square inch, but plaintiff avers and charges that defendant did not supply as such police officer water under a direct pressure of eighty-five pounds to the square inch at the said point and that their said system of waterworks and their mains, conduits or pipes at the said corner

of Fountain and Elm streets, were not in repair and ready for the use to extinguish fire without the use of fire engines as provided.

"Plaintiff alleges that immediately after hotel building above described took fire the fire department of the city of Cape Girardeau was present with hose and the necessary appliances to have extinguished the fire before it had damaged plaintiff's property beyond the value or to the amount of one hundred dollars, but when said hose was attached to the aforesaid hydrant the aforesaid fire department of the city of Cape Girardeau was unable to protect plaintiff's property, or buildings by reason of the waterworks company negligently failing and refusing to supply them with water and pressure on said water as in said ordinance provided.

"Plaintiff alleges that defendant was immediately notified that there was a fire and that the engineer of the said waterworks company, after having been notified of the fire at the intersection of Fountain and Elm streets, and that the pressure was not great enough, then and there neglected and refused to set the machinery of said waterworks company in action in order to produce a greater pressure or force enough to give a pressure of eighty-five pounds to the square inch as provided.

"Plaintiff alleges that the waterworks company carelessly and negligently failed to keep the system in repair to furnish the adequate fire protection as in said ordinance provided, but wantonly so allowed its mains and other pipes furnished to fill up with mud or some other substance, and to keep its engines, pumping machinery and reservoir in a condition to provide an adequate pressure for fire protection, or to use them; that it wholly failed to perform its duty as a police officer; that when a two and one-half inch hose was attached to the hydrant, above named, the pres-

sure was not strong enough to throw a stream of water ten feet high through a seven-eighths inch nozzle; and that the careless and negligent conduct of the defendant as above set out was the proximate cause of the destruction of plaintiff's property.

"Plaintiff alleges that the engineer of the said waterworks company was notified of the fire in the neighborhood of plaintiff's property as above described, immediately after the fire originated in said hotel building when but very little damage had been done to said hotel building, and long before said dwellings and barn took fire, and of the insufficient pressure, and insufficient supply of water, and that he failed and maliciously neglected to put on the pumps to supply the necessary pressure on said hydrant near the property of the plaintiff, and to which the hose of the fire department was attached; that it was his duty so to do, and in failing to do so plaintiff's property, as above described, was destroyed by fire.

"Wherefore your petitioner prays judgment in the sum of five thousand four hundred dollars actual damages and the sum of two thousand dollars as punitive damages, together with the costs in this case."

We deem it unnecessary to burden this statement by the insertion of the ordinance attached to the petition, as it is sufficiently referred to in the body of the petition.

To this petition the defendant, the Cape Girardeau Waterworks and Electric Light Company, interposed a demurrer, on the ground that the petition failed to state facts sufficient to constitute a cause of action. This demurrer was sustained by the court and plaintiff refusing to further plead judgment was rendered upon the demurrer, and from this judgment the plaintiff prosecuted this appeal, and the record is now before us for consideration.

OPINION.

The record in this cause discloses but one legal proposition in which the propriety of the action of the trial court in sustaining the demurrer to the plaintiff's petition is challenged. We have read and carefully analyzed all the allegations embraced in the petition, and in our opinion the action of the trial court in sustaining the demurrer was manifestly correct.

It is sufficient to say that the proposition presented by learned counsel for appellant is no longer an open question in this State. It is sought by this action to recover from the defendant upon substantially the following state of facts: That is, that the defendant operated the waterworks system for supplying water to the city of Cape Girardeau, Missouri, which was done in pursuance of an ordinance of the city of Cape Girardeau, passed on March 12, 1894, and approved by the mayor on the 13th day of March, the same year. By the provisions of said ordinance the said defendant was to provide mains and hydrants and provide a system of waterworks to furnish a sufficient quantity of pure, wholesome water, suitable for all domestic and fire purposes, and to keep a full and sufficient quantity at all times available for such purposes. That on the 3rd day of October, 1903, the plaintiff owned the property designated in the petition, located in the limits of said city, which was destroyed by fire, and it is averred that such destruction by fire was because said defendant had no proper supply of water to extinguish said fire, which could have been extinguished if defendant had provided an available supply of water for that purpose, and the petition proceeds upon the theory that this failure constituted negligence on the part of the defendant and was the proximate cause of plaintiff's property being destroyed.

The precise question involved in this controversy had the careful consideration of this court in Howsmon v. Trenton Water Co., 119 Mo. 304. The plaintiff in that case undertook to recover from the water company upon similar grounds to those alleged in the petition in the case at bar. The proposition as to the liability of the defendant upon the state of facts alleged in the petition was thoroughly discussed and exhaustively treated in the opinion in that case, and it was expressly ruled that there was no liability, and the judgment upon the demurrer to the petition (similar to the judgment in the present case) was affirmed. The authorities were all reviewed and ably and thoroughly discussed by BRACE, J., and it can serve no good purpose and can be of no special interest either to the Bench or Bar to again review and discuss the authorities upon that subject; hence it must be ruled that the conclusions reached in that case are decisive of the proposition disclosed by the record in the case at bar.

The Supreme Court of Alabama in the recent case of Lovejoy v. Bessemer Waterworks Company, 41 So. 76, had in judgment this identical question, and it was thoroughly considered and exhaustively treated by that court, and the same conclusion was reached as in the case of Howsmon v. Trenton Water Company, supra, and that case was cited and unqualifiedly approved. WEAKLEY, C. J., speaking for the Alabama Court, said: "The overwhelming weight of authority is against the right of the plaintiff to maintain this action." Then follows a citation of all the authorities supporting the conclusions reached.

Learned counsel for appellant direct our attention to the case of Crone v. Stinde, 156 Mo. 262, and insist that the case of Howsmon v. Trenton Water Company is in conflict with that case. We have carefully considered Crone v. Stinde and we are unable to discover any conflict in the two cases as applicable to the propo-

sition involved in the case at bar.  Judge BURGESS tried
the Howsmon case on the circuit bench and sustained
the demurrer to the petition.  He wrote the opinion in
Crone v. Stinde, and there is nothing said in Crone v.
Stinde that would indicate that there had been any
change of views upon the legal propositions presented
in the Howsmon case.  In fact, it is only necessary to
read both cases and the conclusion will be readily
reached that they are in perfect harmony so far as ap-
plicable to the legal propositions disclosed by the rec-
ord in the case at bar.

We see no necessity for further extending the dis-
cussion of this question.  It has been settled by this
court and correctly settled, and must be held decisive
of this controversy.  The action of the trial court in
sustaining the demurrer to the petition was manifestly
proper, and the plaintiff refusing to plead further the
judgment upon the demurrer would necessarily follow,
and such judgment should be affirmed, and it is so
ordered.

All concur.