CONCORDIA FIRE INSURANCE COMPANY OF MILWAUKEE, Appellant, vs. SIMMONS COMPANY, Respondent.

*April 6—June 19, 1918.*

*Municipal corporations: Lack of water for fire protection: Liability for losses: Interruption of service by negligence of individuals: Their liability.*

1. Neither a municipality which has assumed the function of protection against fires by the installing of a waterworks system and a fire department, nor a corporation under contract with a municipality to supply water for such purposes, is liable to

individuals for fire losses due to an entire lack or an insufficient supply of water.

2. Where a city has been supplying water for fire protection and is ready and willing on its part to continue such service and a householder or inhabitant is in a position to receive the benefit thereof, a third person who unlawfully interrupts or interferes with such service is liable for resulting injury to such householder or inhabitant. So *held,* where a private corporation, in driving piles for a building, negligently pierced the intake pipe, thereby rendering useless the city waterworks system, and a building was burned because of the total lack of water to extinguish the fire.

APPEAL from an order of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Reversed.*

The appeal is from an order sustaining a demurrer to plaintiff's complaint.

*Arthur A. Mueller* of Milwaukee, for the appellant.

*Chester D. Barnes* of Kenosha, for the respondent.

ESCHWEILER, J.    The complaint sets forth plaintiff's cause of action substantially as follows:

That the plaintiff, a fire insurance company, had issued in 1915 a policy upon a certain dwelling house in the city of Kenosha; that on October 31, 1916, the building was destroyed by a fire spreading from an adjoining building; that on November 16, 1916, plaintiff paid the owners of the building an amount which was justly due them under said insurance policy for the loss caused by said fire, and that pursuant to the terms of such policy the said owners sold and transferred to the plaintiff all rights of action that such owners might have against any one responsible for the burning of said dwelling, and the plaintiff thereby became subrogated to all such rights.

That at the time of such burning and prior thereto the said city of Kenosha, a municipal corporation, had constructed and was maintaining in said city a waterworks system consisting of an intake pipe conducting the waters of

Lake Michigan to a well or reservoir, from such to a pumping station, and thence being distributed by a system of pipes throughout the said city, and being designed to furnish to the owners of property and residents of Kenosha water for drinking or domestic purposes and for fire protection. The owners of the dwelling aforesaid were taxpayers of the city and as such entitled to the use of such water for such purposes.

That the said intake pipe was located in and upon the premises occupied by the defendant corporation; that while erecting a factory building on such premises and at a place known to the defendant company to be over and above the said intake pipe, the defendant caused foundation piles to be driven into the ground, and on October 24, 1916, did negligently and carelessly so drive the said piles that they pierced the intake pipe in numerous places, causing water to flow therefrom so as to make and render the waterworks system of the city absolutely useless for any purposes whatsoever, and that such condition of the said intake pipe and water system continued up to and including the time of the fire on October 31, 1916.

That solely by reason of the fact that the defendant had so negligently punctured the water intake there was a total lack of water which might have been used to extinguish such fire, causing the loss aforesaid. "That the loss and damage to said owners and the consequent loss to this plaintiff as herein set forth was proximately caused by the carelessness and negligence and the neglect and failure on the part of said defendant to exercise proper care and caution in the driving of said pile or piles, by the carelessness, negligence, neglect, and failure of said defendant in so driving said piles as to pierce said intake pipe, thereby causing the supply and pressure of water in the water mains of the city of Kenosha at said time to be wholly inadequate for purposes of fire protection."

To this complaint defendant demurred, the demurrer was sustained, and the plaintiff appealed.

The theory contended for by defendant and adopted by the trial court, that there is no liability shown from the facts stated in the complaint, was based upon the rule that under the law of this state there is no liability either as against the municipality, which has assumed the function of protection against fires by the installing of a waterworks system and a fire department, or as against any corporation that may be under contract with such municipality to furnish such water supply, for any fire losses due to an entire lack or insufficient supply of water. *Hayes v. Oshkosh,* 33 Wis. 314; *Britton v. Green Bay & Ft. H. W. W. Co.* 81 Wis. 48, 51 N. W. 84; *Krom v. Antigo Gas Co.* 154 Wis. 528, 140 N. W. 41, 143 N. W. 163.

The same rule is maintained in many other jurisdictions. *German Alliance Ins. Co. v. Home W. S. Co.* 226 U. S. 220, 33 Sup. Ct. 32, 42 L. R. A. N. s. 100; *Metz v. Cape Girardeau W. & E. L. Co.* 202 Mo. 324, 100 S. W. 651; *Thompson v. Springfield W. Co.* 215 Pa. St. 275, 64 Atl. 521; *Holloway v. Macon G. L. & W. Co.* 132 Ga. 387, 64 S. E. 330; *Niehaus Bros. Co. v. Contra Costa W. Co.* 159 Cal. 305, 113 Pac. 375, 36 L. R. A. N. s. 1045; *Allen & C. M. Co. v. Shreveport W. Co.* 113 La. 1091, 37 South. 980.

This rule, however, which it is not now intended to in any way qualify or limit, does not determine the question that is here involved.

But while such service is being actually rendered by a municipality, as while a fire is going on, and an immediate benefit is being received by a householder, there can be no question but that, as to all third persons, there is then a substantial right and interest in the householder to such service, which carries with it the further right to be protected against its invasion by third persons. At the moment such a right comes into existence there springs up at the same time a corresponding duty on the part of third persons not to unlawfully interfere therewith. For a breach of such duty by third persons there is a corresponding liability. This is recognized

in many cases.   *Kiernan v. Metropolitan C. Co.* 170 Mass. 378, 49 N. E. 648; *Metallic C. C. Co. v. Fitchburg R. Co.* 109 Mass. 277, 12 Am. Rep. 689; *Clark v. G. T. W. R. Co.* 149 Mich. 400, 142 N. W. 1121, 12 Am. & Eng. Ann. Cas. 559, 562.

We see no good reason why this rule should not be carried one step further and as applied to the facts stated in this complaint require us to hold, as we now do, that so long as the householder or inhabitant of the city is in the position to receive, and the municipality is ready and willing to continue such service, the person who interferes with such relationship between the municipality and its inhabitant and thereby causes injury to such householder or inhabitant must respond for such damages as may be directly traceable to his interference as a proximate cause.   It is not for a person who has interfered with such existing right or privilege to say that it is a mere gratuity on the part of the municipality or that the municipality cannot be compelled to continue such service or be held responsible for failure to do so.   So long as the municipality is ready and willing to continue and the householder or resident to accept the benefit of such a water-system service, the unlawful interruption thereof by a third person and consequent damage is a wrong for which the law affords a remedy.

Therefore, if it shall appear from the evidence that defendant's negligence so interfered with or interrupted the service which the municipality had been rendering and was ready and willing on its part to continue to render to the householder whose house was destroyed by fire that it could properly be held the proximate cause of the loss of the dwelling, we see no reason why the defendant should not respond in damages.   It follows therefrom that the demurrer to the complaint was improperly sustained.

*By the Court.*—The order of the circuit court is reversed, and the action remanded with directions to overrule the demurrer to the complaint.