ANDERSON *v.* IRON MOUNTAIN WATER WORKS.

WATERS AND WATERCOURSES—CITIZEN HAS NO RIGHT OF ACTION AGAINST WATER COMPANY FOR FROZEN HYDRANT CAUSING FIRE LOSS.

Failure of a water company to keep its hydrants thawed out and in efficient order for service in case of fire, in accordance with its contract with a city, did not give the owner of a building destroyed by fire a right of action against the company, although but for such failure the loss of the building would not have occurred.

Error to Dickinson; Flannigan (Richard C.), J. Submitted October 2, 1923.    (Docket No. 6.)    Decided December 19, 1923.

Case by Ellen Anderson against the Iron Mountain Water Works for the destruction of a building by fire.

As to statutory requirement of adequate service and facilities by public utility as affecting liability for loss of private property through inadequate supply of water to extinguish fire, see note in 27 A. L. R. 1274.

As to right of property owner to maintain action against water company for failure to supply sufficient water for fire purposes, see notes in 23 L. R. A. 146; 61 L. R. A. 95; 6 L. R. A. (N. S.) 1171; 21 L. R. A. (N. S.) 1021; 25 L. R. A. (N. S.) 239; 36 L. R. A. (N. S.) 1045; 52 L. R. A. (N. S.) 402, 466; L. R. A. 1918F, 1005.

Judgment for defendant *non obstante veredicto*. Plaintiff brings error.     Affirmed.

*Berg, Clancey & Randall,* for appellant.

*Symonds & Rahm,* for appellee.

WIEST, C. J.     Ellen Anderson owned a building in the business district of the city of Iron Mountain. The night of February 25, 1922, fire broke out in the building and entirely destroyed it.     Claiming that the fire department of the city, upon arriving at the fire, found one water hydrant frozen and another covered with snow and that the consequent delay, and having to go to a more distant hydrant, was the proximate cause of the destruction of the building, she brought this suit against defendant water company to recover damages.     The declaration counted on a contract between the city and defendant, under which the city rented fire hydrants, to be kept in efficient order and supplied with water pressure for service in case of fire, by defendant, alleged breach thereof with consequent damage to plaintiff, and right of action as a beneficiary - of such contract.     There was also a count sounding in tort.     At the trial plaintiff had verdict, but the court, notwithstanding the verdict, entered judgment for defendant.     The case is here by writ of error and presents the question of defendant's liability.

The learned circuit judge was clearly right, under the great weight of authority, in entering judgment for defendant.     The question, while of first impression in this State, has been so often decided adversely to plaintiff in the Federal courts, in other States, and in England and Canada, as to render an extended opinion on the subject supererogatory.     Had the city owned and operated the water system plaintiff could have brought no suit against it for failure to keep the hydrants serviceable.

At common law no such liability, as claimed here, has been imposed on a water company. *Trustees, etc., of Methodist Church* v. *New Albany Waterworks* (Ind.), 140 N. E. 540. Nor has such liability been recognized in cases where the civil law has been invoked. *Allen & Currey Manfg. Co.* v. *Waterworks Co.*, 113 La. 1091 (37 South. 980, 68 L. R. A. 650, 2 Ann. Cas. 471, 104 Am. St. Rep. 525) ; *Belanger* v. *Water & Power Co.*, 50 Can. Sup. Ct. 356 (Ann. Cas. 1915B, 203). To constitute all the property owners of the city beneficiaries of the contract by implication of law, with right of action individually, is not permissible.

In three States liability of a water company has been judicially declared. *Morton* v. *Water Co.*, 168 N. C. 582 (84 S. E. 1019) ; *Gorrell* v. *Water Supply Co.*, 124 N. C. 328 (32 S. E. 720, 46 L. R. A. 513, 70 Am. St. Rep. 598) ; *Woodbury* v. *Water Works Co.*, 57 Fla. 243 (49 South. 556, 21 L. R. A. [N. S.] 1034) ; *Kenton Water Co.* v. *Glenn*, 141 Ky. 529 (133 S. W. 573). Other cases from these States might be cited to the same effect. Some of the cases holding there is liability seem to proceed on the theory that, by implication of law, negligence in performance of a public service affords a right of action, regardless of contract. Others appear to plant liability upon a contract to perform a public service, inuring to the benefit of citizens, where liability for negligent performance is not expressly negatived in the contract.

In speaking of the decisions based upon the supposed agency of the municipality and holding the contract entered into for the benefit of the inhabitants individually, the supreme court of Louisiana, in *Allen & Currey Manfg. Co.* v. *Waterworks Co., supra*, well said:

"In general terms, it may be said of them that they obliterate the line of demarcation between the corporators and corporation, identify the individual with the

public, consecrate the anomaly of a commutative contract emancipated from mutuality of obligation, and finally impose by implication a liability which, if intended by the parties to be a part of their contract, would most indubitably have been made the subject of an express clause."

The authorities adverse to plaintiff's right to recover consider at length every possible phase of the question, and we quote from but one. In *German Alliance Ins. Co.* v. *Water Supply Co.*, 226 U. S. 220 (33 Sup. Ct. 32, 42 L. R. A. [N. S.] 1000), it was said:

"The courts have almost uniformly held that municipalities are not bound to furnish water for fire protection. * * *
"If the common law did not impose such duty upon a public corporation, neither did it require private companies to furnish fire protection to property reached by their pipes. And there could, of course, be no liability for the breach of a common law, statutory or charter duty which did not exist. It is argued, however, that even if, in the first instance, the law did not oblige the company to furnish property owners with water, such a duty arose out of the public service upon which the defendant entered. But if, where it did not otherwise exist, a public duty could arise out of a private bargain, liability would be based on the failure to do or to furnish what was reasonably necessary to discharge the duty imposed."

After calling attention to 3 Dillon, Municipal Corporations, § 1340, and *Ancrum* v. *Water Co.*, 82 S. C. 284 (64 S. E. 151, 21 L. R. A. [N. S.] 1029), where decisions on the subject are collated, the court said:

"From them it appears that the majority of American courts hold that the taxpayer has no direct interest in such agreements and, therefore, cannot sue *ex contractu.* Neither can he sue in tort, because, in the absence of a contract obligation to him, the

225—Mich.—37.

water company owes him no duty for the breach of which he can maintain an action *ex delicto*.   *   *   *

"Here the city was under no obligation to furnish the manufacturing company with fire protection, and this agreement was not made to pay a debt or discharge a duty to the Spartan Mills, but, like other municipal contracts, was made by Spartanburg in its corporate capacity, for its corporate advantage, and for the benefit of the inhabitants collectively.   The interest which each taxpayer had therein was indirect —that incidental benefit only which every citizen has in the performance of every other contract made by and with the government under which he lives, but for the breach of which he has no private right of action.

"He is interested in the faithful performance of contracts of service by policemen, firemen, and mail-contractors, as well as in holding to their warranties the vendors of fire engines.   All of these employees, contractors, or vendors are paid out of taxes.   But for the breaches of their contracts the citizen cannot sue—though he suffer loss because the carrier delayed in hauling the mail, or the policeman failed to walk his beat, or the fireman delayed in responding to an alarm, or the engine proved defective, resulting in his building being destroyed by fire.   *   *   *

"This conclusion deprives the property owner of no right, for if the city had owned the works, and had been guilty of the same acts as are charged against the water company here, no suit could have been maintained against the municipality.   There was no creation of a right to fire protection if, instead of doing so itself, the city contracted with a private company to furnish water.   It bought the citizen no new right of action, and did not bargain to secure for him an indemnity against loss by fire, but left him to protect himself against that hazard by insurance, paying the premium direct to an insurance company instead of indirectly through taxation."

We call attention to a few of the many cases holding defendant not liable: *Trustees, etc., of Methodist Church* v. *New Albany Waterworks, supra; Simpson* v. *Texas Public Service Co.* (Tex. Civ. App.), 236 S.

W. 238; *Allen & Currey Manfg. Co.* v. *Waterworks Co., supra; Ancrum* v. *Water Co., supra; Britton* v. *Water Works Co.,* 81 Wis. 48 (51 N. W. 84, 29 Am. St. Rep. 856) ; *Concordia Fire Ins. Co.* v. *Simmons Co.,* 167 Wis. 541 (168 N. W. 199) ; *Davis* v. *Water Works Co.,* 54 Iowa, 59 (6 N. W. 126, 37 Am. Rep. 185) ; *Lovejoy* v. *Waterworks Co.,* 146 Ala. 374 (41 South. 76, 6 L. R. A. [N. S.] 429, 9 Ann. Cas. 1068) ; *Hone* v. *Water Co.,* 104 Me. 217 (71 Atl. 769, 21 L. R. A. [N. S.] 1021) ; *Nickerson* v. *Hydraulic Co.,* 46 Conn. 24 (33 Am. Rep. 1) ; *Mott* v. *Water Co.,* 48 Kan. 12 (28 Pac. 989, 15 L. R. A. 375, 30 Am. St. Rep. 267) ; *Bush* v. *Water Co.,* 4 Idaho, 618 (43 Pac. 69, 95 Am. St. Rep. 161) ; *Wilkinson* v. *Water Co.,* 78 Miss. 389 (28 South. 877) ; *Holloway* v. *Water Co.,* 132 Ga. 387 (64 S. E. 330) ; *Nichol* v. *Water Co.,* 53 W. Va. 348 (44 S. E. 290) ; *Blunk* v. *Water Supply Co.,* 71 Ohio St. 250 (73 N. E. 210, 2 Ann. Cas. 852) ; *Foster* v. *Water Co.,* 71 Tenn. 42; *Thompson* v. *Water Co.,* 215 Pa. St. 275 (64 Atl. 521, 7 Ann. Cas. 473) ; *Metz* v. *Electric Light Co.,* 202 Mo. 324 (100 S. W. 651) ; *Eaton* v. *Water-Works Co.,* 37 Neb. 546 (56 N. W. 201, 21 L. R. A. 653, 40 Am. St. Rep. 510) ; *Belanger* v. *Water & Power Co., supra; Atkinson* v. *Waterworks Co.* (1877), L. R., 2 Ex. Div. 441.

In line with these authorities we hold that the failure to keep the hydrants in good order did not give plaintiff a right of action against defendant, although, but for such failure, the loss by fire would not have occurred.

The judgment is affirmed, with costs to defendant.

FELLOWS, McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.