# Cowan *et als.* v. Campbell, for Use, etc.

## *Action on Promissory Note.*

1. *Complaint; amendment.*—It is necessary for an action on a negotiable promissory note to be prosecuted by the person holding the legal title; but when begun in the name of the assignee, an amendment making the holder of the legal title the nominal plaintiff to the use of the assignee, does not work an entire change of parties.

2. *Stipulation for attorney's fee.*—Where a promissory note containing a stipulation for attorney's fee is delivered to an attorney for collection, and he collects the principal and interest and afterwards takes the note in payment of his fee, the fact that the principal and interest have been paid is no defense to an action for the balance, the amount named for attorney's fee.

3. *Complaint; averment.*—In such a case, it is not necessary for the complaint to aver that the amount stipulated for attorney's fee was a reasonable compensation for the services rendered by the attorney in collecting the principal and interest.

4. *Promissory note; what no defence for balance due.*—Where a promissory note on which a balance is due is given to an attorney in payment of his fee for services in collecting principal and interest thereon, and the balance due being the amount stipulated for as attorney's fee to be paid if note not paid at maturity, the fact that the payee is not bound for the collecting attorney's fee is no defense for an action for the balance due on note.

APPEAL from the Circuit Court of Marshall.
Tried before the Hon. J. A. BILBRO.

[Cowan *et als.* v. Campbell, for Use, etc.]

This action was brought to recover the balance due upon a promissory note. The balance consisted solely of an attorney's fee stipulated for in the note. The note was given to C. C. Campbell as guardian for Mamie Arnold, and turned over to the latter in settlement of the accounts of the former as guardian. Mamie Arnold delivered the note to McCord, the beneficial plaintiff, as an attorney, for collection. The beneficial plaintiff collected the principal and interest of the note after maturity and the note was delivered to him for his fee. The proof tended to show that Mamie Arnold informed McCord when the note was delivered for collection that it provided for attorney's fee and she would not be liable for the same, 'but the fee must be made out of the makers and that subsequent to the collection of the principal and interest, the note was delivered by her to McCord.

There were pleas setting up the defense that an extension of payment was agreed upon, but no consideration was shown for such agreement. The opinion sufficiently discloses the other facts.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give the same as asked: (1.) "The court charges the jury that if they believe all the evidence they must find for the defendants." (2.) "The court charges the jury that if at the time the note was turned over to McCord for collection Mrs. McCord told him she would not be liable to him for attorney's fee for his services in collecting the note, but that he must get his fee, if any, out of the defendants and this was the agreement between Mrs. McCord and E. O. McCord, then Mrs. McCord did not become liable for any attorney's fee to E. O. McCord for collecting said note, and your verdict must in that event be for the defendants."

There were verdict and judgment for plaintiff, and defendants appeal.

O. D. STREET, for appellant.—(1.) Complaint should show necessity for introducing a nominal party.—Code (1896), § 28; *Lakeside Land Co. v. Dromgoole,* 98 Ala.

[Cowan *et als.* v. Campbell, for Use, etc.]

505. (2.) Complaint should aver that amount claimed was reasonable fee for services.—*Williams v. Flowers,* 90 Ala. 136; *Munter v. Linn,* 61 Ala. 494. (3.) Since payee was released from payment of attorney's fee before suit was brought on the note and was not put to the expense in collecting the same, no recovery should be allowed.

The stipulation in note for attorney's fee was solely for reimbursement.—*Johnson v. Durren,* 88 Ala. 588; *Munter v. Linn,* 61 Ala. 492, 506.

JOHN A. LUSK, *contra.*—(1.) There was no change of parties by the amendment.—Code (1896), § 3331.

The cause is tried *ne novo* without regard to any defects in the proceedings.—*So. Ex. Co. v. Boullemet,* 100 Ala. 277. The only limitation on the right of amendment is that there shall not be an entire change of parties.—*Lucas v. Pitman,* 94 Ala. 616; *Am. Un. Tel. Co. v. Daughtery,* 89 Ala. 194; Code (1896), § 29; *Johnson v. Munter,* 54 Ala. 273. (2.) Agreement to extend the time of payment, unless for a valuable consideration, is *nudum pactum.*—*Howle v. Edwards,* 97 Ala. 649; *Hughes v. So. Warehouse Co.,* 94 Ala. 613; *Cross v. Scruggs,* 115 Ala. 258. (3.) Transferee of paper had a right to recover full value.—*Orr v. Sparkman,* 120 Ala. 10; *King v. Peoples' Bank,* 129 Ala. 120; 4 Ency. Law (2d ed.), 345.

McCLELLAN, C. J.—This action was begun by McCord. The complaint was afterwards amended by making Campbell to the use of McCord the plaintiff. The action being upon negotiable promissory note payable to Campbell and not indorsed by him and the beneficial interest being in McCord, it was necessary for the action to be prosecuted by Campbell, but the amendment making him the nominal plaintiff to the use of McCord did not work an entire change of parties; McCord was still the real, as he had before been the sole and real, party plaintiff.—Code, §§ 28, 29, 30.

On the averments of the complaint the attorney's fee stipulated for in the note was due and payable just as any part of the principal would have been due and

payable had it not been previously paid, and it was no defense to the action for the fee that the principal and interest had been paid: The action was simply for a balance due on the note, the principal and interest having been collected after maturity by the attorney to whose use the recovery is sought.

It was not necessary for the complaint to aver that the ten per cent stipulated for attorney's fee was a reasonable compensation for the services rendered by the attorney in collecting the principal and interest thereon.—*Stephenson v. Allison et al.,* 123 Ala. 439.

As to the rulings above adverted to it may be further remarked that had they been erroneous appellant could take nothing by them because they appear in the transcript only by a statement of the clerk that they were made, no *judgment* upon the demurrers appearing in the record.

Pleas 2, 3, 4 and 5 allege an agreement postponing the maturity of the note which as alleged is *nudum pactum* for want of consideration. The facts set forth would not constitute an estoppel even in equity.

There was evidence tending to show that Mrs. McCord when delivering the note to the attorney E. O. McCord told him that he must get his fee from the payors under the stipulation on their part to pay ten per cent attorney's fee, and that she would not be liable for such fee. All this is fairly open to such a construction as involves a payment by Mrs. McCord of the attorney's fee to E. O. McCord for collecting the principal and interest of the note by assigning to him in a way her claim for such fee against the makers and his acceptance of that claim in satisfaction of the value of his services rendered to her in the collection of the principal and interest. Clearly upon this view the fact that Mrs. McCord was not liable for the fee after making this arrangement would be no defense against this action: She was not liable because and only because she had paid. The affirmative charge and charge 2 were, therefore, properly refused to the defendants.

We find no error in the record, and the judgment is affirmed.