# City Council of Montgomery *v*. Halse.

*Action for Damages on Account of Defective Streets.*

(Decided April 20th, 1906.  40 So. Rep. 665.)

- *Municipal Corporations; Defects in Streets; Failure of Another to Perform Contract with City as a Cause of Injury; Parties.*— A may not bring a suit to recover damages of B resulting from a failure on B's part to comply with a contract made with C, no privity being shown; so the city of M. may not defend an action of damages resulting from a defective street on the grounds that the M. L. & W. P. Co. had a contract with the City to light its streets, and that if it had performed its duty the accident would not have occurred; nor require the plaintiff to join the M. L. & W. P. Co. as a party defendant with the city, notwithstanding a provision of the city charter requiring that plaintiff be non-suited unless she joins as party defendant a person or persons who, it appears, ought `to be joined by virtue of any contract with the city.

APPEAL from the Montgomery City Court.

Heard before Hon. A. D. SAYRE.

The appellee sued appellant for damages resulting by a fall received by her on the streets of the city, which she alleges was occasioned by the sidewalks being out of repair on account of a ditch being left open across the sidewalk.   She also alleges that the council's attention was called to it, but that they left it open and dangerous for some time.   The defense was set up that the city had a contract with the Montgomery Light & Water Power Company to light its streets, and that the failure of this company to properly light said street, where the ditch was, was the real reason and cause of the accident. Proof showed that the street was not well lighted at this point, and that, if it had been, plaintiff could have seen the ditch and avoided the injury.   The other facts sufficiently appear in the opinion.

RAY RUSHTON and C. P. MCINTYRE, for appellant.— The offer to show that the Light Company was under

contract to keep the streets lighted was competent under the provisions of the city charter.—Acts 1892-3, sec. 24, p. 379; *McKay v. Southern Bell Tel. & Tel. Co.*, 111 Ala. 337.

HILL, HILL & WHITING, for appellee.—Counsel discuss assignments of error but cite no authority.

HARALSON, J.—There is but one error assigned, which is insisted on, and that may be best stated by counsel for appellant, who says in brief, that the light company was under contract to keep the street lighted by Campbell Jones; and the charter of the city provides that "if any action be brought against the city council alone, and it is made to appear that any person or corporation ought to be joined as a defendant in the suit, according to the provisions of this section, the plaintiff shall be non-suited, unless he amends by making such party or corporation a defendant, but no person shall be liable under this Act, to be jointly sued with the city council who shall not be liable to be sued separately, irrespective of this provision. Acts 1892-93, p. 379, § 24.

Counsel for defendant asked the witness Jones, "Does the city light its own streets?" to which question objection was raised by plaintiff. Counsel for defendant stated to the court, as a reason why said question was proper, that he proposed to show by the witness, that the city council did not light its own streets, but that by contract with the city, it was the duty of the Montgomery Light & Power Company to keep the streets lighted, and that said company was jointly liable, and, under the city charter, first liable to the plaintiff for her injuries.

The question is presented, whether the Montgomery Light & Power Company, which had a contract with the city of Montgomery to light its streets, but no contract with the plaintiff, could be sued by plaintiff separately from the city for the injuries for which she sues.

There is no pretense that there was any privity between plaintiff and said power company, no contract-tual obligations between them, touching the lighting of the city. The question is not new, even in this state. In *Nickerson v. Bridgport H. Co.*, 46 Conn. 24, 33 Am. Rep.

1, it was held that a company organized to supply the inhabitants of a city with water, contracted with the municipal authorities to supply their hydrants, but failing to do so, the fire department were unable to extinguish a fire in the city, and the court held, that the company was not liable in damages to the owner of the property destroyed.—*Davis v. Clinton Water Works Co.*, 54 Iowa, 59, 6 N. W. 126, 37 Am. Rep. 185; *Willy v. Mulledy.* 78 N. Y. 310, 34 Am. Rep. 536; *Fowler v. Athens, W. W. Co.*, (Ga.) 9 S. E. 673, 20 Am. St. Rep. 313; Am. & Eng. Corp. Cases, 626; *Exchange Bank of St. Louis v. Rice*, 107 Mass. 37, 9 Am. Rep. 1. Furthermore, there is no causal connection between the plaintiff and the negligence of the Montgomery Light & Power Company, in failing to light the streets of Montgomery. The plaintiff reposed no confidence in the contractor, nor did the contractor accept any confidence from the plaintiff. She reposed confidence, no doubt, in the city, that it would have its streets lighted, but no privity existed by which she would repose confidence in the light and power company.—Wharton's Law of Negligence, § 439.

*Williams v. Stillwell*, 88 Ala. 332, 6 South. 914, was a suit brought by Williams against Stillwell for damages for injuries received by plaintiff from a defective public bridge of the county. A demurrer was sustained to the complaint. On appeal the court said, that the suit "is not one ex contractu, but an action on the case, and claims damages, as the result of defendant's failure to comply with his contract with the court of county commissioners. No authority has been cited, and we know of none, which authorizes A. to maintain an action against B. for an alleged injury suffered from the latter's failure to comply with a contract made with "C." The court below held in accordance with this view, and the judgment is affirmed.

Affirmed.

WEAKLEY, C. J., and DOWDELL and DENSON, JJ., concur.