# Lovejoy *v.* Bessemer Waterworks Co.

*Action for Damages for Failure to Furnish Water to Extinguish Fire.*

(Decided May 11, 1906. 41 So. Rep. 76.)

*Waters; Municipal Supply; Loss by Fire; Liability of Water Company.*—A resident of a city cannot recover of the water company, under contract with such city, to furnish water for hydrants, for damages for loss by fire occasioned by the failure of the water company to furnish water supply in accordance with the contract, there being a want of privity between the resident and such water company.

APPEAL from Bessemer City Court.

Heard before Hon. B. C. JONES.

Action by G. M. Lovejoy against the Bessemer Waterworks Company. From a judgment in favor of defendant, plaintiffs appeal.

The complaint in this case contained two counts, as follows:

"Plaintiff claims of the defendant $10,000 as damages, for that heretofore, to wit, on the 19th day of March, 1902, the defendant operated the waterworks system for supplying water to the fire plugs of the city of Bessemer for extinguishing fires, under a contract with the city of Bessemer by the terms of which the defendant bound itself to keep its system of waterwworks in effective working order, and to supply the said city, its citizens, and the manufacturing establishments of said city with water for sanitary, fire, domestic, and manufacturing purposes, and to keep a full and sufficient quantity of water at all times available for all of the purposes aforesaid, and by the terms of this contract defendant had the exclusive right to furnish water within the limits of said city; that on said date plaintiff owned and resided in a certain house situated in said city of Bessemer, to wit, on Dartmouth avenue, between Twentieth and Twenty-first street, in said city, and had a large amount of personal property in said house; that on said day said house caught fire, and said fire department attended the scene of said fire, ready, able, and willing to extinguish said fire, provided there had been a proper supply of water to be promptly had from said fire plug, and it was the duty of defendant, growing out of the aforesaid contract with the city of Bessemer, to exercise due care to furnish a full and available supply of water for said purpose; but, notwithstanding said duty, defendant so negligently conducted itself in that regard that there was not a full and available supply of water to be had from said fire plug, and as a proximate consequence thereof plaintiff's house was destroyed by fire, and most or all of said personal property was destroyed by said fire; and plaintiff lost a large amount of furniture, fixtures, books, bric-a-brac, and other valuable personal property, and said house was lost to plaintiff.

"Count 2. Plaintiff claims of the defendant the further sum of $10,000 as damages, for that, heretofore, to wit, on the 19th day of March, 1902, defendant operated the waterworks system for supplying water to the fire plugs of the city of Bessemer for the use of the fire de-

partment of the city of Bessemer for extinguishing fires; that on said date plaintiff owned and resided in a certain house situated in said city of Bessemer, to-wit, on Dartmouth avenue, between·Twentieth and Twenty-first street, in said city, and had a large amount of personal property in said house; that on said day said house caught fire, and said fire department attended the scene of said fire, ready, willing, and able to extingiush said fire, provided there had been a proper supply of water to be promptly had from said fire plug, and it was the duty of defendant, growing out of a contract with said city of Bessemer, to exercise due care to furnish a proper supply of water for said purpose; but, notwithstanding said duty, defendant wrongfully and willfully failed to furnish a proper supply of water at said fire plug for said purpose, and as a proximate consequence thereof said house was destroyed by fire, and most or all of said personal property was destroyed by said fire, and plaintiff lost a large amount of furniture, pictures, books, bric-a-brac, and other valuable personal property, and said house was lost to plaintiff, all to plaintiff's damage $10,000. Wherefore he sues."

The defendant interposed the following·grounds of demurrer to the complaint, to each count separately. "(1) It does not appear that the defendant owed the plaintiff any duty to supply 'water to the fire plug of the city of Bessemer. (2) It does not appear that the defendant was under any contract to supply water for the extinguishment of said fire, for the breach of which contract plaintiff had any right of action. (3) It does not appear that the plaintiff was a party to the alleged contract between the defendant and the city of Bessemer, or that said contract inured to the plaintiff's benefit, so that he can maintain an action against defendant for the breach thereof. (4) No facts are alleged from which it appears that defendant was under any contract or duty to supply water for the fire plug of the city of Bessemer for extinguishing fires. (5) It does not appear that the defendant owed the plaintiff any duty to supply water for the use of the fire department for the extinguish-

[Lovejoy v. Bessemer Waterworks Co.]

ment of the fire which it is alleged destroyed plaintiff's house and the personal property therein." These demurrers were sustained by the court, and, the plaintiff declining to plead over, judgmnet was rendered in favor of the defendant.

PINKNEY SCOTT and BOWMAN, HARSH & BEDDOW, for appellant.—Although the rule is contrary in England it is the American doctrine that the beneficiary of a public contract may maintain tort for a breach thereof, or for the breach of a duty growing out of the obligations thereof to the public. The beneficiary of contracts of all classes may sue in tort for a breach of duty growing out of the contract, though he be not a privy to the contract.—7 A. & E. Ency. (2d Ed.), pp. 106-8; 21 Ency. P. & P., p. 509; Gray Commun. Tel. § 104; note 3; *Allen's Case*, 66 Miss. 549; *Young v. W. N. Tel Co.*, 9 L. R. A. 218, and next books and authorities cited in opinion; *Mentzer v. W. U. Tel. Co.*, 28 L. R. A.72; *McPeck v. W. U. Tel. Co.*, 43 L. R. A. 218; *Gorrell v. Greensboro Water Co.*, 46 L. R. A. 514; *Paducah Lumber Co. v. Paducah Water Co.*, 7 L. R. A. 77; *Duncan v. Owensboro Water Co.*, 12 S. W. 557. This court has held that the contracts of a municipality with water companies create a public duty which can be enforced by action by a citizen aggrieved by a breach of the duty.—*Bienville Water Supply Co. v. City of Mobile*, 112 Ala. 264; s. c. 130 Ala. 339; *Smith v. Birmingham Water Works Co.*, 104 Ala. 315; *Crosby v. City of Montgomery*, 108 Ala. 499.

BENNERS & BENNERS, for appellee.—In the following cases on a state of facts substantially the same as that set up in the complaint in this case, in many of them the facts being more favorable to a recovery than in this case, it has been held that the waterworks company was not liable to the person whose property was, destroyed:—*Boston Safe Deposit Co. v. Salem Water Co.*, 94 Fed. Rep. 238; *Howsman v. Trenton Water Co.* (Mo.) 23 L. R. A. 146; *Fitch v. Seymour Water Co.* (Ind) 37

N. E. Rep. 982; *Wainwright v. Queen's County Water Co.* (N. Y.) 28 N. Y. Sup. 987; *Britton v. Green Bay Water Co.* (Wis.) 51 N. W. Rep. 84; *House v. Houston Water Co.* (Tex.) 22 S. W. Rep. 277; *Beck v. Kittaning Water Co.* (Penn.) 11 Atl. Rep. 300; *Becker v. Keokuk Water Co.* (Iowa) 18 Am. St. Rep. 377; *Fowler v. Athens Water Co.* (Ga.) 20 Am. St. Rep. 313; *Wilkinson v. Light, Heat & Water Co.* (Miss.) 28 So. Rep. 877; *Mott v. Cherryvale Water Co.* (Kan.) 30 Am. St. Rep. 267; *Bush v. Artesian Water Co.* (Idaho) 43 Pac. Rep. 69; *Eaton v. Fairbury Water Co.* (Neb.) 40 Am. St. Rep. 510; *Ferris v. Carson Water Co.* (Nev.) 40 Am. Rep. 485; *Nickerson v. Bridgeport Hydraulic Co.* (Conn.) 33 Am. Rep. 1.

We have cited but one case from each of the above courts, though in several of them there are other decisions to the same effect. Many cases are collected in a note in 81 Am. St. Rep. page 480.

Generally speaking a stranger to a contract has no rights under it.—*Douglas v. Branch Bank,* 19 Ala. 659.

The principle that one may recover on a contract made for his benefit though he be a stranger to the contract, is limited to those cases where the person to whom the promise, the benefit of which is sought by such stranger, is made, is under some legal obligation to such stranger to do the thing promised to be done; that is the promisee must owe the stranger a debt or be under legal duty to him. A municipal corporation is not under legal obligation to the citizens of such municipality to supply water to put out fires.—*Howson v. Trenton Water Supply Co.,* 23 L. R. A. 146; *Shotwell v. Gilkey,* 31 Ala. 727; *Vrooman v. Turner,* 69 N. Y. 280; *Jefferson v. Asch,* 53 Minn. 446; 55 N. W. Rep. 604, 25 L. R. A. 257; an elaborate note on the subject is found here; *Durnherr v. Rau,* 135 N. Y. 219; 32 N. E. Rep. 49; *Lorillard v. Clyde,* 122 N. Y. 498; Beach on Modern Law of Contracts, Secs. 199, 200 and notes; Clark on Contracts, pages 520-521; *Trimble v. Strother,* 25 Ohio St. 378; *Mellen v. Whipple,* 67 Mass. 317; 2 Dillon Munic. Corp., Sec. 975. *Montgomery v. Montgomery Water Works Co.,* 79 Ala. 233; *Springfield F. & M. Ins. Co. v. Keesville* (N. Y.), 30 L. R. A. 660.

There is no common law duty of a water company for the non-performance of which an action *ex delicto* can be maintained on a state of facts such as exists in this case. —*Fowler v. Athens Water Works Co.*, 20 Am. St. Rep. 313; *Boston Safe Deposit Co. v. Salem Water Co.*, 94 Fed. Rep. 238; *Britton v. Green Bay Water Co.*, 51 N. W. Rep. 84; *House v. Houston Water Co.*, 22 S. W. Rep. 277.

The general rule is, the exceptions not having any application to the facts of this case, that only such persons can sue *ex delicto* on account of a tort growing out of a breach of contract who could sue *ex contractu* for such breach.—*National Savings Bank v. Ward*, 100 U. S. 195; *Winterbottom v. Wright*, 10 M. & W. 115; Addison on Torts (Wood's Ed.), Sec. 1288; *Central R. R. & Banking Co. v. Lampley*, 76 Ala. 357.

WEAKLEY, C. J.—The overwhelming weight of authority is against the right of the plaintiff to maintain this action. The reason why he may not do so is that there is a want of privity between him and the defendant which disables him either from suing for a breach of the contract or for the breach of duty growing out of the contract. It is impossible at this late day to say anything new upon the subject, and it would be affectation to attempt any elaborate discussion of the question involved. The reasoning which leads to the conclusion may be found in many, if not all, of the following cases, which have been examined and which hold against the right of a plaintiff, under similar conditions, to recover damages for losses by fire occasioned by the failure of a waterworks company to furnish a supply of water as it had stipulated to do in its contract with the municipality.—*Nickerson v. Bridgeport Hydraulic Co.*, 46 Conn. 24, 33 Am. Rep. 1; *Foster v. Lookout Water Co.*, 3 Lee (Tenn.) 42; *Davis v. Waterworks Co.*, 54 Iowa, 59, 6 N. W. 126, 37 Am. Rep. 185; *Fowler v. Waterworks Co.*, 83 Ga. 219, 9 S. E. 673, 20 Am. St. Rep. 313; *Ferris v. Water Co.*, 16 Nev. 44, 40 Am. Rep. 488; *Becker v. Waterworks*, 79 Iowa, 419, 44 N. W. 694, 18 Am. St. Rep. 377; *Howsmon v. Trenton Water Co.*, 119

Mo. 304, 24 S. W. 784, 41 Am. St. Rep. 654, 23 L. R. A. 146; *Fitch v. Seymour Water Co.*, 139 Ind. 214, 37 N. E. 982, 47 Am. St. Rep. 258; *Britton v. Green Bay Water Co.*, 51 N. W. 84, 81 Wis. 48, 29 Am. St. Rep. 856; *House v. Houston Water Co.* (Tex. Civ. App.) 22 S. W. 277, affirmed by Supreme Court of Texas in 88 Tex. 233, 31 S. W. 179, 28 L. R. A. 532; *Beck v. K. Water Co.* (Pa.) 11 Atl. 300; *Wilkinson v. Light, Heat & Water Co.* (Miss.) 28 South. 877; *Mott v. Cherry Vale Water Co.*, 48 Kan. 12 28 Pac. 989, 15 L. R. A. 375, 30 Am. St. Rep. 267; *Bush v. Artesian Water Co.* (Idaho) 43 Pac. 69, 95 Am. St. Rep. 161; *Eaton v. Fairburg Waterworks Co.*, 37 Nev. 546, 56 N. W. 201, 21 L. R. A. 653, 40 Am. St. Rep. 510; *Allen & Curry Mf. Co. v. Shreveport Waterworks Co.* (La.) 37 South. 980, 68 L. R. A. 650; *Boston Safe Deposit & Trust Co. v. Salem Water Co.* (C. C.) 94 Fed. 238; *Metropolitan Trust Co. v. Topeka Water Co.* (C. C.) 132 Fed. 702. Only two courts in the United States, as far as we can ascertain, have sustained an action of this kind. The first case so holding is *Paducah Lumber Co. v. Paducah Water Supply Co.*, 89 Ky. 340, 12 S. W. 554, 13 S. W. 249, 7 L. R. A. 77, 25 Am. St. Rep. 536, which cited no authorities, and in which the holding was unnecessary, since there was in that case a private contract between the water company and the consumer which required the fire pressure to be furnished. The later Kentucky cases but followed the first decision. In *Gorrell v. Water Supply Co.*, 124 N. C. 328, 32 S. E. 720, 46 L. R. A. 513, 70 Am. St. Rep. 598, it was held by a divided court that a similar action would lie. The decision was rested upon the principle, stated by the court in general terms, that one not a party or privy to a contract, but who is the beneficiary thereof, is entitled to maintain an action for its breach, and many cases are cited which are assumed to sustain the general proposition, which was stated without qualification.

It is not true however, that the principle can be maintained to the full extent and in the unaqualified terms stated by the Supreme Court of North Carolina in the *Gorrell Case supra.* The same cases there cited were ex-

amined by the Supreme Court of Missouri in *Howsmon v. Trenton Water Co.*, 119 Mo. 304, 24 S. W. 784, 41 Am. St. Rep. 654, 23 L. R. A. 146, and were shown to establish the qualification that "the rule is not so far extended as to give to a third person, who is only indirectly and incidentally benefited by the contract, the right to sue upon it." It was furthermore shown that in the cases where an action had been sustained, when instituted by a third party upon a contract for his benefit, there had been a debt or duty owing by the promisee to the party claiming the right to sue upon the promise. It is not claimed that the city of Bessemer owed any duty to the plaintiff to furnish water for the extinguishment of fire, or that an action could have been maintained against the city for a failure in that regard. While there has not heretofore been a direct adjudication in this state of the question presented by this record as arising out of a water supply contract, yet there has been an incidental recognition of the want of a right of recovery by a property owner against a water company failing to observe its contract with a municipality to furnish water for the extinguishment of fires. In *Bienville Water Suply Co. v. City of Mobile*, 112 Ala. 260, 20 South. 742, 33 L. R. A. 59, 57 Am. St. Rep. 28, in vindicating the right of the city to enjoin the water company from cutting off the water supply, where a contract existed for the supplying of water for fire purposes, Brickell, C. J., said: "If the city may not adopt this remedy, it is without any remedy. If, pursuant to the notice given, the company should shut off its water supply, and damage should result, no matter how extended, it is settled that neither the city nor the owners of private property injured by the breach of public duty could maintain an action against the company." The principle of law which controls this case is also stated and applied in the somewhat similar cases of *Williams v. Stilwell*, 88 Ala. 332, 6 South. 914, and *City of Montgomery v. Halse*, (at present term) 40 South. 665. The latter case involved a contract by a lighting company to light the streets of a city.

In his work on Waters and Water Rights, Mr. Farnham considers the question involved in this case, and reviews some of the authorities upon the subject. He says that, so far as the decisions favorable to the maintenance of the action are based on the theory that one for whose benefit a contract is made may sue to enforce it, they are unsound, and assert that the only ground upon which such suits can be sustained is that the contract is made by the taxpayer as principal, through the instrumentality of the municipality as his agent. The author also asserts that, "even if the company undertakes to pay the damages which will result to taxpayers because of its breach of duty, there can be no recovery unless the plaintiff shows himself to be a taxpayer," citing for the proposition the case of *Mott r. Cherryvale Water Company*, 48 Kan., 15, 15 L. R. A. 375, 30 Am. St. Rep. 267, 28 Pac. 989. After considerable discussion the learned author concludes that the decisions adverse to the right to maintain the action are correct in their result, although he thinks that they have been placed on the wrong principle; that is, the principle of want of privity. His opinion is that "the nonliability of the water company depends, not on the inability of the taxpayer to maintain the action, but on the failure of the water company's contract to cover the liability sued for, which lack of liability he bases upon the proposition that the contracting water company is not an insurer against fire losses, and that its agreement to furnish water is not an agreement to extinguish fires.—Farnham on Waters and Water Rights, pp. 842-848, § 160b.

Much might be urged pro and con as to the proper ground upon which to place nonliability, but we have no desire to enter upon that field of disputation. It suffices for all practical purposes of this case to say that our own decisions, in which the opinions were written by as able judges as ever occupied this bench, and in which there was no dissent, have rested the conclusion in similar cases involving public contracts upon the declaration that there was a want of privity ;and this declaration has likewise been made by many other American

[Lovejoy v. Bessemer Waterworks Co.]

courts, enjoying the very highest reputation, if, indeed, it has not been made by all the courts of last resort which have reached the same conclusion as that we here announce. If there be those who think the decision should be rested upon the theory that the contracting company has not assumed liability for damage or loss from fire, because liability for such loss was not within the contemplation of the parties to the contract, they must admit the correctness of our holding, although not agreeing to the reason which this court and other courts have chosen to give as the basis of their decisions. When there is agreement as to the result in any case, differences as to the reasons inducing or that should induce that result are not vital nor always important.

We recognize that the absence of a remedy by suit for damages for failure by a water company to furnish water for fire purposes, according to its contract with a city,

leaves the subject "in an extremely unsatisfactory position," as stated in the note to *Britton v. Waterworks Co.*, 29 Am. St. Rep. 856, 863, yet, as the learned annotator suggests, "the only security would seem to be in legislation or in the incorporation of some suitable provision in future contracts of this description, whenever the taxpayer desires to reserve a personal remedy against the water company." It is not the function of a court to make law to fit hard cases.

The demurrer to the complaint was properly sustained.

Affirmed.

TYSON, SIMPSON, and ANDERSON, JJ., concur.