(100 South. 486)

## ALABAMA WATER CO. v. CITY OF JASPER, for Use of CAIN. (6 Div. 165.)

(Supreme Court of Alabama. May 15, 1924.)

**1. Waters and water courses ⬡⟶201—Citizen or taxpayer may sue to enjoin water company's violation of public duty, though city might sue.**

That city might enjoin water company from violating duty arising out of contract would not preclude suits by citizens or taxpayers, where they have particular and direct interest in violation of such duty.

**2. Parties ⬡⟶5—Making city nominal party complainant to suit by citizen held proper.**

In suit by citizen against water company to enjoin violation of its duty to lay 6-inch mains in extending its water system, where complainant was not party or privy to contract between city and water company, there was no impropriety in amendment, making city nominal party complainant.

**3. Parties ⬡⟶5—City, made nominal party complainant, may require security for costs.**

In citizen's action to enjoin violation of water company's duty under contract with city, where city was made nominal party complainant, it could require security for costs.

**4. Waters and water courses ⬡⟶201—Citizen may maintain action against water company to compel performance of duty owing him under franchise.**

Under contract between city and water company, providing that all extensions of mains should be six inches in diameter or larger, where citizen had particular and direct interest in main along named streets different from that of the general public, he can compel performance of duty owing him under franchise.

**5. Specific performance ⬡⟶75—Not maintainable to regulate duties extending over series of years and involving personal skill.**

Specific performance cannot be maintained to regulate and control continuous duties extending over series of years and involving personal skill and labor.

**6. Injunction ⬡⟶163(3)—Slight delay in service of writ held to involve no hardship.**

Where citizen protested that 4-inch mains laid by water company were not contemplated by company's contract with city, and restraining order was served before joints of mains were sealed, or made leakage proof, or excavation filled in, delay in service of writ until main was laid and connected *held* not to work hardship or oppression.

**7. Injunction ⬡⟶148(2)—Trial court not put in error for failure to increase injunction bond.**

Where no proof was offered to establish insufficiency of injunction bond, trial court will not be reversed for failing to sustain motion to increase it.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Bill in equity by the City of Jasper, for the use of R. A. Cain, against the Alabama Water Company. From the decree, respondent appeals. Affirmed.

The bill originally filed by R. A. Cain alleged that the respondent is assuming to exercise the rights and privileges and franchises of its corporate predecessor under an ordinance or agreement adopted by the municipality, and that it is bound by the terms thereof; that it is provided in the ordinance or agreement that "the water company agrees that all extensions of cast iron pipe to the present system of mains shall be 6 inches diameter or larger, provided the connection can be made with 6-inch pipe"; that respondent is now laying a water main along Alabama avenue, east of Seventeenth street and Birmingham avenue, in Jasper, which it intends and proposes to connect with another of its mains on East Nineteenth street, a 6-inch main; that the proposed main is a 4-inch main, not yet connected with the main on Nineteenth street; that the main being laid is an extension of an existing one, and can be made with 6-inch pipe; that 6-inch mains are maintained in other parts of the city.

It is alleged that a 4-inch main will be inadequate to furnish water for domestic use and fire protection to residents and property owners, of which complainant is one, within the area in question; that the use of or connection with a six-inch pipe is feasible, and would cost not exceeding $150. It is prayed that respondent be temporarily enjoined from continuing to lay the 4-inch main in the area in question, and that on final hearing it be required to lay 6-inch pipe thereon, or, failing, that it be enjoined from collecting water rates from complainant and other users, or from cutting off their service.

By amendment the city of Jasper is made the nominal complainant, for the use and benefit of R. A. Cain. By its answer respondent alleges the impracticability of using 6-inch pipe in the area in question; that at the time the temporary injunction was issued connection of the main had been made at both ends, and that water was running through it.

After hearing, the court overruled respondent's objection to the amendment by which the city of Jasper was made nominal complainant, and denied the motions to dissolve the temporary injunction issued, and to increase the amount of the injunction bond. From this decree the appeal is prosecuted.

Bankhead & Bankhead, of Jasper, for appellant.

Respondent is a stranger to the contract and cannot recover under it. Lovejoy v. Bessemer Co., 146 Ala. 374, 41 South. 76, 6 L. R. A. (N. S.) 429, 9 Ann. Cas. 1068; House-

v. Houston W. W. Co., 88 Tex. 233, 31 S. W. 179, 28 L. R. A. 532; Cleburn Water Co. v. Cleburne, 13 Tex. Civ. App. 141, 35 S. W. 733. Where an action at law will not lie on a contract, equity will not decree its specific performance. Kent v. Dean, 128 Ala. 600, 30 South. 543; Comer v. Bankhead, 70 Ala. 492.

Curtis, Pennington & Pou, of Jasper, for appellee.

The complainant had the right to amend his bill and make the city the complainant for his use. Code 1907, § 2490; Cowan v. Campbell, 131 Ala. 211, 31 South. 429; Alabama Power Co. v. Hamilton, 201 Ala. 62, 77 South. 356; Smith v. Yearwood, 197 Ala. 680, 73 South. 384. It was not necessary that the nominal complainant consent to the use of its name. Ex parte Randall, 149 Ala. 640, 42 South. 870. A water company may be compelled to perform its contract to furnish service. 27 R. C. L. 1410.

ANDERSON, C. J. [1] The contract involved was between the water company and the city of Jasper, for the benefit of the citizens and taxpayers. The city could no doubt maintain the present bill in its own name for the benefit of its citizens and taxpayers; this right, however, on the part of the city, would not preclude a citizen or taxpayer from resorting to the courts for the negative means of preventing the violation of a public duty arising out of the contract, by an injunction, when he has a particular and direct interest in the violation of said duty by the respondent. He can no doubt do this in his own name; the relief sought being the enforcement of a public duty rather than the specific enforcement of the contract, generally speaking.

[2] We see no impropriety, however, in the amendment, making the city a nominal party complainant, as the complainant is not a party or privy to the contract, though made by the city for the benefit of himself and other citizens and property owners. Section 2490 of the Code of 1907; Cowan v. Campbell, 131 Ala. 211, 31 South. 429; Alabama Power Co. v. Hamilton, 201 Ala. 62, 77 South. 356; Smith v. Yearwood, 197 Ala. 682, 73 South. 384.

[3] This he could do, with or without the consent of the city, and the remedy of the city is to require security for cost by application to the court, but which is of no concern to the appellant. Ex parte Randall, 149 Ala. 640, 42 South. 870. The amendment making the city the nominal complainant did not work an entire change of parties. Cain was still the real, as he had been before the sole and real, party complainant. Cowan v. Campbell, 131 Ala. 211, 31 South. 429.

[4] Under the terms of the contract:

"The water company agrees that all extensions of cast iron pipe to the present system of mains shall be 6 inches in diameter or larger, provided the connection can be made with 6-inch pipe."

The proof in this case shows that a 6-inch connection can be made by the main in question at a small cost to the company, notwithstanding one of the connections contemplated by it is a 4-inch main or pipe. In other words, while it may be easier and a little cheaper to connect the present main at one end with a 4-inch main or pipe, the proof shows—that is, the weight of the evidence—that it is feasible to make a 6-inch connection at a cost of not exceeding $150, and thereby comply with the terms of the contract, which will prove a material benefit to the property owners along said main, especially in case of fire.

True, this complainant is not such a privy to the contract as would enable him to maintain a suit for property destroyed by fire by reason of the water company violating the contract with the city. Lovejoy v. Bessemer, 146 Ala. 374, 41 South. 76, 6 L. R. A. (N. S.) 429, 9 Ann. Cas. 1068. But he has a particular and direct interest in the main in question, different from the general public, and can maintain an appropriate action to compel the company to perform a duty owing him under its franchise. Pond v. New Rochelle Water Co., 183 N. Y. 330, 76 N. E. 211, 1 L. R. A. (N. S.) 958, 5 Ann. Cas. 504; Robbins v. Bangor Co., 100 Me. 496, 62 Atl. 136, 1 L. R. A. (N. S.) 963.

[5] It is, of course, well settled by the decisions of this court that a bill for specific performance cannot be maintained which seeks to have the court regulate and control continuous duties extending over a series of years and involving personal skill and labor. This, however, is not a bill for the specific performance of the contract, strictly speaking, but is one rather by the negative means of injunction of enforcing the performance of a public duty; that is, to prevent the laying of a 4-inch main, instead of a 6-inch one, as it was the respondent's duty to do under the terms of its contract. Bienville Water Co. v. City of Mobile, 112 Ala. 260, 20 South. 742, 33 L. R. A. 59, 57 Am. St. Rep. 28.

[6] It may be true that the main in question had been laid and connected before the writ of injunction was served, but the complainant was protesting at the time, and the writ was served before the work was finally completed, as the joints had not been sealed or made leakage proof, and the excavation had not been filled, and we do not think that the slight delay in the service of the writ has worked a case of hardship or oppression. We do not regard the cases of Kent v. Dean, 128 Ala. 600, 30 South. 543, and Comer v. Bankhead, 70 Ala. 493, as opposed to the present holding, or as bearing upon the present question.

[7] The trial court will not be reversed

for failing to sustain respondent's motion to increase the injunction bond, as no proof was offered to establish the insufficiency of same. Moreover, since we hold that the injunction was properly issued, the amount of the bond can be of no detriment to the appellant.

The decree of the circuit court is affirmed. Affirmed.

SOMERVILLE, GARDNER, and THOMAS, JJ., concur.