179 So.2d 71

Leona ANDERSON

v.

HOWARD HALL COMPANY, Inc.

6 Div. 897.

Supreme Court of Alabama.

June 24, 1965.

Rehearing Denied Oct. 21, 1965.

John J. Smith and Geo. S. Brown, Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville, Birmingham, for appellee.

LAWSON, Justice.

This is an appeal from a judgment of nonsuit taken on account of the sustaining

by the trial court of defendant's demurrer to the complaint as amended. § 819, Title 7, Code 1940.

█ The judgment will support the appeal in that after sustaining the demurrer and noting the motion of the plaintiff for a nonsuit, it recites: "It is ordered and adjudged by the court that this motion be and the same is hereby granted and a nonsuit is ordered and the case is dismissed; costs taxed against the plaintiff for which execution may issue." While it is usual for such judgment entries to contain the words, "let the defendant go hence," that is the legal effect of the judgment in the instant case, though it is not so recited in terms. Gentry v. Swann Chemical Co., 234 Ala. 313, 174 So. 530; Potts v. Ellis, 238 Ala. 155, 190 So. 73; Carter v. City of Gadsden, 264 Ala. 544, 88 So.2d 689.

On April 5, 1958, Mrs. Leona Anderson was injured and her automobile damaged in a collision with a truck tractor being driven by its co-owner, one James Earl Haynes. The truck tractor had been leased by James Earl Haynes and Glenora T. Haynes to Howard Hall Company, Inc., a corporation, on April 4, 1958.

Mrs. Anderson brought suit in the Circuit Court of Jefferson County against Howard Hall Company and against James Earl Haynes to recover for personal injuries which she suffered in the collision on April 5, 1958. Howard Hall Company was sued on the theory that at the time of the collision Haynes was an employee of that company who was then acting within the line and scope of his employment. In that case, No. 42927-X in the Circuit Court, Mrs. Anderson recovered a judgment against Haynes in the amount of $5,500. There was a verdict in favor of the defendant Howard Hall Company in accordance with the direction of the trial court. From a judgment in favor of Howard Hall Company, Mrs. Anderson appealed to this court. We affirmed. Anderson v. Howard Hall Co., Inc., et al., 272 Ala. 466, 131 So.2d 417.

The execution which was issued on the judgment in favor of Mrs. Anderson against Haynes was returned "No Property Found."

Thereafter Mrs. Anderson brought this suit against Howard Hall Company to recover the amount of her judgment against James Earl Haynes on the theory that she was a third party beneficiary of an agreement by Howard Hall Company to procure public liability and property damage insurance covering the truck tractor which was involved in the collision.

The lease agreement, made an exhibit to the amended complaint, provides in pertinent parts as follows:

"5. The Company agrees to provide as included in the stipulated rental, * * * (b) Public Liability Property Damage * * * insurance of the same type and limits as carried on its own equipment * * *.

* * * * * *

"7. A—Owner agrees that the Public Liability of the Company insofar as use of the vehicle leased is concerned is restricted to time and places only when and where the owner is pulling a trailer on company business and that no other use personal or otherwise is authorized. Owner specifically and generally assumes all responsibility for all other times and hereby agrees to protect and indemnify the company."

The amended complaint alleges that the policy of public liability insurance which the defendant Howard Hall Company carried on its own equipment at the time of the "injury complained of" contained provisions for coverage of bodily injury and property damage.

It is further alleged in the amended complaint that "the defendant breached said contract [lease agreement] by failing to provide Public Liability and Property Damage Insurance of the same type and limits as was carried on its own equipment," and that the plaintiff, Mrs. Anderson, "was at

**494**

the time of said collision a member of the public and entitled to the protection of the quoted provision of said contract and that if the defendant had not broken its contract with the said James E. Haynes by failing to provide him with 'Public Liability and Property Damage * * * insurance of the same type and limits as carried on its own equipment,' the plaintiff would have been protected by the coverage afforded the said James Earl Haynes."

The demurrer of Howard Hall Company takes the point that the amended complaint fails to show the right of Mrs. Anderson to maintain an action on the lease agreement under a claimed status as a third-party beneficiary.

■ The rule in this state, which is in accord with the great weight of American authority, is that a third person may enforce a promise made for his benefit even though he is a stranger both to the contract and the consideration. Barlowe v. Employers Ins. Co. of Alabama et al., 237 Ala. 665, 188 So. 896; Employers Ins. Co. of Alabama v. Johnston, 238 Ala. 26, 189 So. 58; Fite v. Pearson, 215 Ala. 521, 111 So. 15; Tennessee Coal, Iron & Railroad Co. v. Sizemore, 258 Ala. 344, 62 So.2d 459; Mutual Benefit Health and Accident Ass'n of Omaha v. Bullard, 270 Ala. 558, 120 So.2d 714.

■ But the question frequently arises as to when a contract will be considered made for the benefit of a third person, and the effect of our holdings is that the contract must have been intended for the direct benefit of the third person, as distinguished from a mere incidental benefit to him, in order to entitle such third person to sue for a breach of the contract. Wolosoff v. Gadsden Land & Building Corp., 245 Ala. 628, 18 So.2d 568; Fidelity & Deposit Co. of Baltimore, Md., v. Rainer, 220 Ala. 262, 125 So. 55, 77 A.L.R. 13; Lovejoy v. Bessemer Waterworks Co., 146 Ala. 374, 41 So. 76, 6 L.R.A.,N.S., 429; Gulf Compress Co. v. Harris, Cortner & Co., 158 Ala. 343, 48 So. 477, 24 L.R.A.,N.S., 399;

Shine v. Nash Abstract & Investment Co., 217 Ala. 498, 117 So. 47.

■ So the question is presented as to whether the amended complaint with the exhibit thereto shows that the promise of Howard Hall Company to provide "Public Liability Property Damage insurance" to cover the truck leased by it from the Hayneses was intended for the direct benefit of the public.

In connection with the argument that the question just posed should be answered in the affirmative, Mrs. Anderson in her brief cites and quotes from four of our cases. Barlowe v. Employers Ins. Co. of Alabama, supra; Tennessee Coal, Iron & Railroad Co. v. Sizemore, supra; Employers Ins. Co. of Alabama v. Johnston, supra; Fite v. Pearson, supra. The opinions in all of those cases are authority for the proposition for which they were cited above, that is, a third party may enforce a promise made for his benefit even though he is a stranger both to the contract and the consideration. But they are not helpful in answering the question presently before us, because in those cases all the instruments involved contained express language to the effect that they were made for the benefit of a class to which the plaintiffs belonged, while the lease agreement here sued on contains no such express language.

Mrs. Anderson, the plaintiff, relies upon two cases from other jurisdictions, James Stewart & Co., Inc., et al. v. Law et al. (Tex.Ct. of Civ.App.), 228 S.W.2d 601, affirmed by the Supreme Court of Texas, 149 Tex. 392, 233 S.W.2d 558, 22 A.L.R.2d 639; and Johnson v. Holmes Tuttle Lincoln-Mercury (1958), 160 Cal.App.2d 290, 325 P.2d 193.

In the Stewart case, a corporation—the owner—entered into a contract with a contractor for the erection of certain buildings. The contract expressly obligated the contractor to maintain certain insurance, and also provided that in case any part of the contract was sublet by the contractor the latter should require of its subcontractor

the maintenance of automobile liability insurance. The contractor sublet part of the work to a subcontractor, who in turn contracted with a truck owner for the hauling of gravel in connection with the performance of his subcontract. Neither the contractor nor the subcontractor required his respective subcontractor to carry automobile insurance and none was carried by the truck owner. While hauling gravel, the latter injured an employee of the owner, and the employee brought suit against the contractor to recover damages on the theory that the contractor had breached its contract with the owner by failing to see that all subcontractors carried automobile liability insurance and that he, the employee, was a third-party beneficiary of such contract. The court held the injured employee was a third-party beneficiary under the contract and as such entitled to maintain suit against the contractor.

In the Johnson case, Phillip Caldera and his wife purchased an automobile from Holmes Tuttle Lincoln-Mercury. Shortly thereafter Phillip Caldera, while driving the automobile, was involved in an accident wherein Johnson and one Jones were injured and Johnson's car was damaged. Johnson and Jones filed separate actions against Caldera. Judgments were entered in each case against Caldera. These judgments remained unsatisfied. Johnson and Jones then brought an action against Holmes Tuttle Lincoln-Mercury, as third-party beneficiaries of an alleged oral agreement by Holmes Tuttle Lincoln-Mercury to provide public liability insurance on the automobile it sold to Caldera. Holmes Tuttle Lincoln-Mercury contended that it made no such oral agreement and defended on the further ground that even if it had made such an agreement, Johnson and Jones could not maintain actions thereon as third-party beneficiaries. The California court ruled against Holmes Tuttle Lincoln-Mercury on both grounds of its defense. In regard to the contention that Johnson and Jones could not sue as third-party beneficiaries, the California court, citing the Stewart case, supra, said:

"There is no escape from the conclusion that the agreement between defendant [Holmes Tuttle Lincoln-Mercury] and Caldera was not for the sole benefit of the latter but that it was intended to inure to the benefit of third persons who might be protected by a full coverage policy. * * *" (325 P.2d, 199)

The Stewart case, supra, was cited with approval in United Pacific Insurance Co. v. Meyer, 9 Cir., 305 F.2d 107, and the annotator in 22 A.L.R.2d at page 648 made this observation about the Stewart case:

"While no other case has been found involving this exact question, the correctness of the result reached in James Stewart & Co. v. Law can hardly be doubted since it is but an application to a particular set of facts of the well-settled principle that wherever the benefit to the third person is the direct result of the performance of the contract, such benefit was within the contemplation of the parties to the contract."

The case of Mowrer v. Poirier & McLane Corp., 382 Pa. 2, 114 A.2d 88, seems to hold contrary to the Stewart and Johnson cases. It was decided after Stewart and before Johnson. The Mowrer case makes no reference to the holding in the Stewart case and the Johnson case does not refer to the Mowrer case. The Mowrer case is treated in an article in 17 Pittsburg University Law Review at page 483. In the Mowrer case the defendant contractor, Poirier & McLane Corporation, entered into a contract with the Commonwealth of Pennsylvania to construct a new dam. Plaintiff, Mowrer, bailed a tractor to the Hamilton Construction Company, one of the subcontractors on the project. The tractor was damaged, and plaintiff recovered a judgment against Hamilton, who was execution-proof. Thereafter, plaintiff sued to recover from defendant under the terms of the latter's contract with the Commonwealth of Pennsylvania, the theory being that plaintiff was a third-party bene-

ficiary of the contract. The relevant portion of the contract was that defendant was obligated to take out and maintain such insurance as would protect it (the contractor) and any subcontractor from claims for personal injury and property damage which might arise from operations out of the contract. The defendant contractor did provide an insurance policy, but by virtue of an exclusion clause it did not cover the damage to plaintiff's tractor. The trial court found for the plaintiff. The Supreme Court of Pennsylvania reversed, finding that plaintiff was not a party intended to be benefited by the terms of the contract and that the insurance provision accrued to the benefit of plaintiff only as an incidental beneficiary with no right of action against either party.

In Mutual Benefit Health & Acc. Ass'n of Omaha v. Bullard, 270 Ala. 558, 567, 120 So.2d 714, 723, we said: "The intention of the parties disclosed by the writing and surrounding circumstances known to the parties, and not their motives, determines the rights of the third-party beneficiary. Rainer case, supra; 81 A.L.R. 1287."

In Fidelity & Deposit Co. of Baltimore, Md., v. Rainer, 220 Ala. 262, 266, 125 So. 55, 58, 77 A.L.R. 13, we observed:

> "In dealing with contracts calling for the payment of money to a third person, it is generally declared that, in order for such third person to maintain an action thereon, the contract must be made for his benefit. *Much confusion of opinion has arisen as to the meaning of 'intended for his benefit.'*" (Emphasis supplied.)

It is reasonable to conclude that the Hayneses and Howard Hall Company realized at the time the lease contract was executed that the provisions therein requiring Howard Hall Company to provide liability insurance could prove beneficial to third persons. But that conclusion does not, in our opinion, justify the further conclusion that the requirements as to liability insurance were inserted into the lease contract for the direct benefit of such third persons, as distinguished from a mere incidental benefit. Wolosoff v. Gadsden Land & Building Corp., supra.

There is no language in the lease contract which justifies the conclusion that the requirements as to liability insurance were inserted for the direct benefit of third persons, and there are no averments as to "surrounding circumstances" which justify such a conclusion.

In Lovejoy v. Bessemer Waterworks Co., 146 Ala. 374, 41 So. 76, 6 L.R.A.,N.S., 429, we held that a resident of a city could not recover of a water company, under contract with the city to furnish water for fire extinguishment purposes, for damages by fire to his home occasioned by a failure of the water company to furnish water in accordance with the contract. We pointed out that there was a "want of privity" between the homeowner, the plaintiff, and the defendant water company. We quoted with approval from Howsmon v. Trenton Water Co., 119 Mo. 304, 24 S.W. 784, 23 L.R.A. 146, as follows: "* * * the rule is not so far extended as to give to a third person, who is only indirectly and incidentally benefited by the contract, the right to sue upon it." (146 Ala. 381, 41 So., 77)

The contract which the City of Bessemer entered into with the waterworks company was unquestionably for the benefit of the citizens and taxpayers of the city, but the effect of our holding is that the benefit was incidental and not direct and since Lovejoy was not a privy to the contract he could not maintain a suit for property destroyed by fire by reason of the water company violating the contract with the City. Lovejoy's benefit under the contract might have been sufficient to have enabled him to maintain an appropriate action to compel the water company to perform a duty owing him under its franchise. See Alabama Water Co. v. City of Jasper, 211 Ala. 280, 100 So. 486, where that distinction was made after approval was given to the holding in the Lovejoy case, supra.

We think our holding in the Lovejoy case, supra, which has been followed and cited with approval in a number of our cases, is controlling here. We cannot say that the amended bill and the exhibit thereto shows that the parties to the lease contract intended that the requirement that Howard Hall Company provide liability insurance for the leased truck tractor was for the direct benefit of third persons.

In regard to the Stewart (Texas) and Johnson (California) cases, supra, we point out that no distinction is drawn in those cases between direct and indirect or consequential beneficiaries, while that distinction is pointed out in the Mowrer (Pennsylvania) case, supra.

Mrs. Anderson not being a third-party beneficiary to the contract sued upon and having no other connection therewith, the court below acted correctly in sustaining the demurrer of Howard Hall Company to the amended complaint.

The judgment is affirmed.

Affirmed.

GOODWYN, MERRILL, COLEMAN, and HARWOOD, JJ., concur.