MOORE, Judge.
Sullivan & Wills Real Estate, L.L.C., appeals from a judgment entered by the Montgomery Circuit Court (“the circuit court”) in favor of Bobby E. Cruce. We reverse.
On April 3, 2001, Ricky Armstead and Steve Perry, as “lessor,” entered into a lease (“the lease agreement”) with Dr. Gil-lis Payne, the “lessee,” for certain real property located in Montgomery (“the subject property”). The lease agreement contained the following provision:
“The LESSOR agrees to pay Sullivan & Wills Real Estate, L.L.C. [i]n a prompt and timely manner, a commission of ten percent (5%)[1] per month on any and all rents collected by the LESSOR as long as LESSEE pays rent to LESSOR or his assigns even if this lease is not renewed by Sullivan & Wills Real Estate, L.L.C. or if LESSEE or his assigns buys the building LESSOR shall pay a 5% commission to Sullivan and Wills Real Estate, L.L.C.”
On June 4, 2002, Cruce purchased the subject property from Armstead and Perry and was assigned their interest in the lease agreement. Cruce assumed the lease agreement, and, pursuant to the lease agreement, he paid $117.50 as a monthly commission to Sullivan & Wills until the end of the lease term on June 30, 2006. According to Cruce, when the lease expired, Cruce and Dr. Payne entered into a new lease that no longer contained the provision requiring a commission to be paid to Sullivan & Wills.
On April 27, 2007, Sullivan & Wills filed a complaint in the small-claims division of the Montgomery District Court (“the district court”) against Cruce. In its complaint, Sullivan & Wills argued that Cruce had failed to pay the 5% commission due to Sullivan & Wills under the lease agreement for approximately nine months. On January 10, 2008, a trial was held in the district court. On December 29, 2008, the district court entered an order in which it determined that Cruce owed Sullivan & Wills $3,591.85 for unpaid commissions from July 2006 through December 2008 and court costs.
On January 12, 2009, Cruce appealed the district court’s judgment to the circuit court. On April 8, 2009, Sullivan & Wills filed an amendment to its complaint in which it claimed that Cruce owed it monthly commissions for rents due from July 2006 until the time of the filing of the amendment and for any additional amounts that may become due thereafter. On June 16, 2009, Sullivan & Wills filed a motion for a default judgment, in which it argued that neither Cruce nor his counsel had been present at the trial of this matter in the circuit court, which occurred on June 15, 2009. On June 17, 2009, Cruce filed an answer to the amended complaint. Also, on June 17, 2009, Cruce filed a motion to reset the trial date, in which he argued that he had failed to appear at the trial because of excusable neglect; that motion was granted.
A bench trial was held on September 14, 2009. On September 15, 2009, the circuit court entered a judgment in favor of Cruce. On October 7, 2009, Sullivan & Wills filed a motion to alter, amend, or vacate the judgment, which included a request for a hearing on the motion. The circuit court denied that motion without a hearing on October 23, 2009. Sullivan & *119 Wills filed a notice of appeal to this court on October 27, 2009.
In the present case, the record before us reveals that no ore tenus testimony was taken. Rather, the circuit court clearly considered the filings of both parties and the arguments of counsel at the hearing on September 14, 2009, when counsel for both parties stipulated to the facts and agreed that the question before the circuit court was a question of law.
“ ‘[W]here a trial court does not receive evidence ore tenus, but instead makes its judgment based on the pleadings, exhibits, and briefs, the ore tenus standard’s presumption of correctness does not apply to the trial court’s factual findings and it is the duty of the appellate court to judge the evidence de novo.’ ”
Hale v. Hale, 878 So.2d 313, 319 (Ala.Civ.App.2003) (quoting Ex parte Horn, 718 So.2d 694, 705 (Ala.1998)). As a result, we apply a de novo standard of review and no presumption of correctness is afforded the decision of the circuit court.
On appeal, Sullivan & Wills contend that the circuit court erred by finding in favor of Cruce. Relying on Glover v. Irving Winter Co., 595 So.2d 881 (Ala.1992), Sullivan & Wills assert that Cruce was bound by the lease agreement to continue remitting a 5% commission to Sullivan & Wills beyond the term of the lease agreement so long as Dr. Payne continued to pay rent on the subject property. In Glover, the lessor entered into a lease of real property with the lessee that provided benefits to the real-estate broker, including a professional lease fee of 5% of the rental amount received so long as either the “ ‘tenant or assignee’ ” continued to occupy the premises and a professional fee of 7% of the sales price if the property was sold to the lessee occupying the property “ ‘during the term of the Lease, or any extension thereof, or within a period of thirty days after the termination of same.’ ” 595 So.2d at 882. Upon the expiration of the original lease, Glover, who had purchased the property from the original lessor, entered into a new lease agreement with the same lessee; the new lease changed some of the terms of the lease, including the clause entitling the real-estate broker to professional fees. Id. at 882-83.[2] The new lease was extended once more, but, before the expiration of that lease, the property was purchased by a third party who, in turn, leased the property to the original lessee for a nominal amount and, pursuant to that lease, provided that, if that lease was not terminated before the end of its term, the purchaser would transfer the title of the property to the original lessee. Id. at 883.
In determining that the original lessor was required to remit a professional fee of 7% of the sales price to the real-estate broker upon the sale of the property to the third party, the court in Glover stated:
“ ‘The owner and broker are free to frame their agreement as they see fit and may make the broker’s commission dependent upon whatever conditions they agree upon so long as such conditions are not unlawful or contrary to public policy. Fischer v. Patterson, 97 N.H. 318, 86 A.2d 851 (1952).’ ”
595 So.2d at 886 (quoting Mellos v. Silverman, 367 So.2d 1369, 1371 (Ala.1979)). Al *120 though the original lessee was not the ultimate purchaser of the property, the Alabama Supreme Court determined that the original lessee owned the equitable title to the property and would ultimately own the property outright. Id. at 886. Thus, because the real-estate broker was the broker for the original lease and had sparked the original lessee’s original interest in the property, the Alabama Supreme Court determined that the real-estate broker was entitled to the professional fee under the original lease. Id. at 886.
In the present case, Cruce purchased the subject property and was assigned the interest in the lease agreement with Dr. Payne. Unlike in Glover, it is undisputed in the present case that the original lessee, Dr. Payne, continued to lease the subject property upon the expiration of the original lease. Thus, the pertinent question is whether the terms of the original lease bind Cruce to continue to remit a 5% commission to Sullivan & Wills upon the expiration of the original lease pursuant to the terms of the lease agreement.
Citing Anderson v. Howard Hall Co., 278 Ala. 491, 179 So.2d 71 (1965), and Harris v. Board of Water & Sewer Commissioners of the City of Mobile, 294 Ala. 606, 320 So.2d 624 (1975), Cruce argues on appeal that Sullivan & Wills was an incidental third-party beneficiary to the lease agreement because it was not positioned to directly benefit from the lease agreement and, thus, according to Cruce, it cannot claim a benefit that flows from the lease agreement or maintain an action once the original lease expired. We disagree. Both Anderson and Harris make clear that “one for whose benefit a valid contract has been made, although that person is not a party thereto and does not furnish any consideration therefor, may maintain an action on the contract against the promis-sor,” Harris, 294 Ala. at 611, 320 So.2d at 628, but “the contract must have been intended for the direct benefit of the third person, as distinguished from a mere incidental benefit to him, in order to entitle such third person to sue for a breach of the contract.” Anderson, 278 Ala. at 494, 179 So.2d at 73.
In the present case, Sullivan & Wills is specifically and directly named in the lease agreement; pursuant to the terms of the lease agreement, Sullivan & Wills was to receive a 5% commission of all rents paid by Dr. Payne to the lessor. Thus, we conclude that the lease agreement intended for Sullivan & Wills to be directly benefited, and Sullivan & Wills is entitled to sue for a breach of that lease agreement. As a result, Cruce’s argument that Sullivan & Wills is an incidental beneficiary is without merit. Under the terms of the lease agreement, Sullivan & Wills was entitled to bring a cause of action against Cruce, regardless of the fact that the term of the original lease had ended. Based on Glover, we conclude that Sullivan & Wills is entitled to the 5% commission so long as Dr. Payne continues to pay rent for the subject property to Cruce or his assigns. We therefore reverse the judgment of the circuit court and remand the case for further proceedings consistent with this opinion.
Sullivan & Wills also argues on appeal that the circuit court erred in denying its postjudgment motion without conducting a hearing. “Our appellate courts have held that, subject to certain exceptions, a trial court errs when it fails to afford a party a hearing when requested in a postjudgment motion if that motion has probable merit.” B.B. v. F.P., 984 So.2d 418, 423 (Ala.Civ.App.2007). Because we are reversing the circuit court’s judgment based on the merits of the arguments presented on appeal, *121 however, that argument is moot. See B.B., 984 So.2d at 423.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
BRYAN, J., concurs in the result, without writing.

. Both parties agree that the agreed-upon commission was 5% and that the lease contained a typographical error requiring a "ten percent" commission.

. Glover and the real-estate broker were involved in a lawsuit over whether the real-estate broker would continue to receive 5% of the rental amount upon the expiration of the original lease. 595 So.2d at 882. The trial court ruled that the new lease was an extension of the original lease and that that lease was governed by the terms of the original lease and, thus, that Glover was required to pay professional fees to the real-estate broker under the new lease. Id. at 883-84. That decision of the trial court, however, was not at issue in the appeal to the Alabama Supreme Court in Glover.